# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation and SPIN MASTER, INC., a Delaware corporation, | No. 22-cv-03904 |
| Plaintiffs, | Judge Franklin U. Valderrama |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

### ORDER

Plaintiffs Spin Master Ltd. and Spin Master, Inc. allege claims of trademark infringement, trademark counterfeiting, false designation of origin, and copyright infringement against The Partnerships and Unincorporated Associations Identified on Schedule "A" (collectively, Defendants). R. 1, Compl.; R. 2, Sched. A. Plaintiffs' pending *ex parte* motion for a temporary restraining order (R. 16), and motion for electronic service of process (R. 21) are hereby granted. Provided that Plaintiffs provide the security described in paragraph 9 of the temporary restraining order, the temporary restraining order shall become effective on November 9, 2022 at 6:00 p.m. and shall expire in fourteen (14) days from the effective date.

### Statement

Plaintiffs' *ex parte* motion for a temporary restraining order and motion for electronic service of process are now before the Court. Before turning to the pending motions, the Court addresses the issue of joinder as a preliminary matter. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that the district court should have questioned the plaintiff's joinder of 24 defendants in a single suit). Plaintiffs identify 157 defendants, e-commerce stores operating under seller aliases (Seller Aliases), on Schedule A. Sched. A. Plaintiffs filed a memorandum in support of joinder of the Defendants under Federal Rule of Civil Procedure 20. R. 24, Memo Supp. Joinder. The Court is aware that some judges in this District have raised concerns regarding

joinder in these types of counterfeiting cases brought against large numbers of online defendants.[1]

Having reviewed and considered Plaintiffs' complaint and memorandum establishing that joinder is proper, the Court finds that although Plaintiffs have not sufficiently demonstrated that the asserted claims arise out of the same transaction or series of transactions, Plaintiffs have sufficiently demonstrated that they arise out of the same occurrence or series of occurrences. Therefore, joinder of the "Schedule A" Defendants is proper at this preliminary stage. Fed. R. Civ. P. 20(a)(2)(A). The Court additionally notes that no Defendants are prejudiced by permitting joinder at this juncture. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A", 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.)* (noting that no defendants were prejudiced in permitting joinder of 17 internet alias defendants, because no defendant had appeared, and the default judgment process would likely determine the case's outcome). To the extent any defendant appears and objects to joinder, the Court will revisit the issue and is free to sever certain defendants from the case under Rule 21 at that time.[2]

Proceeding to the motions now before the Court, Plaintiffs' *ex parte* motion for a temporary restraining order (R. 13), which includes a temporary injunction, a temporary asset restraint, and expedited discovery is hereby granted. Plaintiffs' motion supports proceeding (for the time being) on an *ex parte* basis. Fᴇᴅ. R. Cɪᴠ. P. 65(b)(1)(A). Plaintiffs have demonstrated that should Defendants be informed of this proceeding before a temporary restraining order could issue, Defendants will likely register new e-commerce stores under new aliases and move assets to offshore bank accounts outside the jurisdiction of the Court. The Court further finds that a temporary restraining order immediately enjoining Defendants' unauthorized and unlawful use of the PAW PATROL trademarks and of the PAW Patrol Copyrighted Designs (including U.S. Copyright Registration Nos. VA 1-967-964, VAu 1-217-618, VA 1-967-980, VA 1-912-869, VA 1-999-428, VAu 1-294-879, VA 1-967-970, VA 1-968-054, VA 1-967-973, VA 1-967-971, VA 1-968-053) is warranted here. Plaintiffs' allegations and the declarations submitted as evidence demonstrate a likelihood of success on the merits (including evidence of active infringement, *see* R. 19, Harrs

---

[1] *See Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020) (Chang, J.) (finding that the joinder of 79 online defendants in a trademark infringement case was improper and granting leave for plaintiffs to file an amended complaint narrowing the claims down to a subset of defendants that were properly joined); *Estée Lauder Cosmetics Ltd., et al. v. The Partnerships, et al.*, Dkt. No. 40, No. 20-cv-00845 (N.D. Ill. Jun. 22, 2020) (Lee, J.) (finding that the plaintiffs failed to meet their burden in showing that joinder of all 75 online defendants in a trademark infringement case was proper).

[2] The Court rules on whether joinder is proper on a case-by-case basis, and as such, this ruling is not dispositive of the propriety of joinder in a different case before the Court.

Decl.); that there is no adequate remedy at law; that the harm to Plaintiffs is irreparable; and an injunction is in the public interest. *Aon Risk Servs. Companies, Inc. v. Alliant Ins. Servs., Inc.*, 415 F. Supp. 3d 843, 847 (N.D. Ill. 2019) (citing *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002)). An injunction serves the public interest here, because the counterfeit goods are causing consumer confusion, and there is no countervailing harm to Defendants from an Order directing them to stop unlawful trademark infringement, trademark counterfeiting, false designation of origin, and copyright infringement. *Volkswagen AG v. iman365-usa*, 2020 WL 977969, at *8 (N.D. Ill. Feb. 28, 2020) ("[E]njoining the Defendant[s] from violating the law cannot, by its very nature, cause the Defendant[s] any harm."); *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, 2016 WL 6092636, at *9 (N.D. Ill. Oct. 19, 2016) ("Enforcement of the trademark laws prevents consumer confusion and serves the public's interest in not being deceived....") (internal citations and quotations omitted); *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 647–48 (N.D. Ill. 2002), *aff'd*, 334 F.3d 643 (7th Cir. 2003) ("Irreparable injury may normally be presumed from a showing of copyright infringement . . . [and] the public interest may favor the grant of a preliminary injunction because copyright laws embody a policy of encouraging creativity."). The Court also finds that the requested temporary asset restraint is warranted at this juncture. As with joinder, should a defendant appear and object to the asset freeze, the Court will revisit the issue. Additionally, the Court finds that expedited discovery is warranted to identify Defendants and to implement the asset freeze.

Finally, Plaintiffs' motion for electronic service of process (R. 21) is granted. Electronic service of process does not violate any treaty and is consistent with due process, because it effectively communicates the pendency of this action to Defendants. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, Dkt. No. 70, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-17 (9th Cir. 2002)).

Provided that Plaintiffs provide the security described in paragraph 9 of the temporary restraining order, the temporary restraining order shall become effective on November 4, 2022 at 6:00 p.m. and shall expire in fourteen (14) days from the effective date.

Date: November 7, 2022

_____
United States District Judge
Franklin U. Valderrama

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FEAR OF GOD, LLC, | No. 22-cv-03498 |
| Plaintiff, | |
| | Judge Franklin U. Valderrama |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

### ORDER

Plaintiff Fear of God, LLC alleges claims of trademark infringement, trademark counterfeiting, and false designation of origin against The Partnerships and Unincorporated Associations Identified on Schedule "A" (collectively, Defendants). R. 1, Compl.; R. 2, Sched. A. Plaintiff's pending motion for leave to file under seal (R. 3), *ex parte* motion for a temporary restraining order (R. 13), and motion for electronic service of process (R. 18) are hereby granted. Provided that Plaintiff provides the security described in paragraph 9 of the temporary restraining order, the temporary restraining order shall become effective on November 4, 2022 at 6:00 p.m. and shall expire in fourteen (14) days from the effective date.

### Statement

Plaintiff's motion for leave to file under seal, *ex parte* motion for a temporary restraining order, and motion for electronic service of process are now before the Court. Before turning to the pending motions, the Court addresses the issue of joinder as a preliminary matter. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that the district court should have questioned the plaintiff's joinder of 24 defendants in a single suit). Plaintiff identifies 221 defendants, e-commerce stores operating under seller aliases (Seller Aliases), on Schedule A. Sched. A. Plaintiff filed a memorandum in support of joinder of the Defendants under Federal Rule of Civil Procedure 20. R. 21, Memo Supp. Joinder. The Court is aware that some judges in

this District have raised concerns regarding joinder in these types of counterfeiting cases brought against large numbers of online defendants.[1]

Having reviewed and considered Plaintiff's complaint and memorandum establishing that joinder is proper, the Court finds that although Plaintiff has not sufficiently demonstrated that the asserted claims arise out of the same transaction or series of transactions, Plaintiff has sufficiently demonstrated that they arise out of the same occurrence or series of occurrences. Therefore, joinder of the "Schedule A" Defendants is proper at this preliminary stage. FED. R. CIV. P. 20(a)(2)(A). The Court additionally notes that no Defendants are prejudiced by permitting joinder at this juncture. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.) (noting that no defendants were prejudiced in permitting joinder of 17 internet alias defendants, because no defendant had appeared, and the default judgment process would likely determine the case's outcome). To the extent any defendant appears and objects to joinder, the Court will revisit the issue and is free to sever certain defendants from the case under Rule 21 at that time.[2]

Proceeding to the motions now before the Court, Plaintiff's motion for leave to file under seal (R. 3) is hereby granted. The following documents will remain under seal: (1) Schedule A attached to the Complaint, which lists the fully interactive e-commerce stores operating under the Seller Aliases and the e-commerce store URLs under the Online Marketplaces (R. 2) and (2) Exhibit 3 to the Declaration of Glenn Milus, which includes screenshot printouts showing the e-commerce stores operating under the Seller Aliases (R. 17).

Plaintiff's *ex parte* motion for a temporary restraining order (R. 13), which includes a temporary injunction, a temporary asset restraint, and expedited discovery is hereby granted. Plaintiff's motion supports proceeding (for the time being) on an *ex parte* basis. FED. R. CIV. P. 65(b)(1)(A). Plaintiff has demonstrated that should Defendants be informed of this proceeding before a temporary restraining order could issue, Defendants will likely register new e-commerce stores under new aliases and move assets to offshore bank accounts outside the jurisdiction of the Court. The Court

---

[1] *See Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020) (Chang, J.) (finding that the joinder of 79 online defendants in a trademark infringement case was improper and granting leave for plaintiffs to file an amended complaint narrowing the claims down to a subset of defendants that were properly joined); *Estée Lauder Cosmetics Ltd., et al. v. The Partnerships, et al.*, Dkt. No. 40, No. 20-cv-00845 (N.D. Ill. Jun. 22, 2020) (Lee, J.) (finding that the plaintiffs failed to meet their burden in showing that joinder of all 75 online defendants in a trademark infringement case was proper).

[2] The Court rules on whether joinder is proper on a case-by-case basis, and as such, this ruling is not dispositive of the propriety of joinder in a different case before the Court.

further finds that a temporary restraining order immediately enjoining Defendants' unauthorized and unlawful use of the FEAR OF GOD trademarks is warranted here. Plaintiff's allegations and the declarations submitted as evidence demonstrate a likelihood of success on the merits (including evidence of active infringement, *see* R. 16, Milus Decl.); that there is no adequate remedy at law; that the harm to Plaintiff is irreparable; and an injunction is in the public interest. *Aon Risk Servs. Companies, Inc. v. Alliant Ins. Servs., Inc.*, 415 F. Supp. 3d 843, 847 (N.D. Ill. 2019) (citing *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002)). An injunction serves the public interest here, because the counterfeit goods are causing consumer confusion, and there is no countervailing harm to Defendants from an Order directing them to stop unlawful trademark infringement, trademark counterfeiting, false designation of origin, and copyright infringement. *Volkswagen AG v. iman365-usa*, 2020 WL 977969, at *8 (N.D. Ill. Feb. 28, 2020) ("[E]njoining the Defendant[s] from violating the law cannot, by its very nature, cause the Defendant[s] any harm."); *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, 2016 WL 6092636, at *9 (N.D. Ill. Oct. 19, 2016) ("Enforcement of the trademark laws prevents consumer confusion and serves the public's interest in not being deceived....") (internal citations and quotations omitted). The Court also finds that the requested temporary asset restraint is warranted at this juncture. As with joinder, should a defendant appear and object to the asset freeze, the Court will revisit the issue. Additionally, the Court finds that expedited discovery is warranted to identify Defendants and to implement the asset freeze.

Finally, Plaintiff's motion for electronic service of process (R. 18) is granted. Electronic service of process does not violate any treaty and is consistent with due process, because it effectively communicates the pendency of this action to Defendants. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, Dkt. No. 70, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-17 (9th Cir. 2002)).

Provided that Plaintiff provides the security described in paragraph 9 of the temporary restraining order, the temporary restraining order shall become effective on November 4, 2022 at 6:00 p.m. and shall expire in fourteen (14) days from the effective date.

Date: November 2, 2022

_____
United States District Judge
Franklin U. Valderrama

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AARDMAN ANIMATIONS LIMITED and
WALLACE & GROMIT LIMITED,

                          Plaintiffs,

      v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

                        Defendants.

Case No. 24-cv-08129

**Judge Matthew F. Kennelly**

**SEALED EX PARTE TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiffs Aardman Animations Limited's and

Wallace & Gromit Limited ("Aardman" or "Plaintiffs") *Ex Parte* Motion for Entry of a Temporary

Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited

Discovery, and Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) (the

"Motions") against the fully interactive, e-commerce stores[1] operating under the seller aliases

identified in Schedule A to the Complaint and attached hereto (collectively, "Seller Aliases"), and

this Court having heard the evidence before it hereby GRANTS Aardman's Motions in their

entirety.

This Court finds that it has personal jurisdiction over the Defendants since the Defendants

directly target their business activities toward consumers in the United States, including Illinois.

Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-

commerce stores that target United States consumers using one or more seller aliases, offer

---

[1] The e-commerce store urls are listed on Schedule A hereto.

1

shipping to the United States, including Illinois, and have sold products products bearing unauthorized copies of Aardman's copyrighted works, including the distinctive characters embodied therein ("Aardman Copyrighted Works"), and/or using infringing and counterfeit versions of Aardman's federally registered trademarks (the "Aardman Trademarks") to residents of Illinois.

A list of the Aardman Copyrighted Works is below.

| U.S. Copyright Reg. No. | Work Title | Issue Date |
|---|---|---|
| PA0000699563 | The wrong trousers / an Aardman Animations production in association with BBC Bristol, Wallace & Gromit, Ltd., BBC Lionheart Television, Children's International BBC. | July 27, 1994 |
| PA0000825030 | A close shave / Aardman Animations presents an Aardman Animations production in association with Wallace & Gromit, Ltd ; director, Nick Park. | December 24, 1996 |
| V3532D099 | Wallace and Gromit, the curse of the wererabbit : film. | November 14, 2005 |
| TX0006272355 | The curse of the were-rabbit : graphic novel. | December 2, 2005 |
| TX0006272354 | The curse of the were-rabbit : the monstrously scary joke book. | December 2, 2005 |
| TX0006274561 | Wallace and Gromit : the curse of the were-rabbit : the dog diaries. | December 2, 2005 |
| TX0006268879 | Wallace and gromit : the curse of the were-rabbit. | December 2, 2005 |
| PA0001260216 | Wallace & Gromit in the curse of the were-rabbit / Dream Works Animation and Aardman Features present ; directed by Nick Park & Steve Box. | December 27, 2005 |
| VA0001377576 | Wallace and Gromit Journal. | August 23, 2006 |
| TX0007156531 | Wallace & Gromit 2010 Wall Calendar. | March 11, 2010 |
| TX0007415075 | 2008 Wall Calendar: Wallace & Gromit. | June 28, 2011 |
| VA0001785862 | Wallace & Gromit 2009 Calendar. | July 6, 2011 |
| TX0007997883 | Shaun the Sheep Tales from Mossy Bottom Farm: The Flock Factor. | December 17, 2014 |
| TX0008025219 | Shaun the Sheep: The Beast of Soggy Moor. | February 20, 2015 |
| PA0001949717 | Shaun the Sheep Movie. | March 4, 2015 |
| TX0008208120 | Shaun the Sheep: Flock to the Seaside. | December 16, 2015 |
| TX0008301888 | Shaun the Sheep: Pranks a Lot! | June 16, 2016 |
| TX0008208119 | Shaun the Sheep: Flock to the Seaside. | June 29, 2016 |

2

| PA0002029390 | Shaun the Sheep: Championsheeps : 01, POLE VAULT. | July 14, 2016 |
| PA0002029392 | Shaun the Sheep : 101, OFF THE BAA. | July 14, 2016 |
| PA0002029396 | Shaun the Sheep : 201, Double Trouble. | July 14, 2016 |
| PA0002045623 | Shaun the Sheep : 311, The Rounders Match. | July 14, 2016 |
| PA0002029407 | Shaun the Sheep : 401, Cones. | July 14, 2016 |
| PA0002045641 | Shaun the Sheep : Season 4.5 : 1, The Intruder. | July 14, 2016 |
| PA0002029412 | Shaun the Sheep : 501, Out of Order. | July 14, 2016 |
| PA0002026983 | Shaun the Sheep, The Farmer's Llamas. | July 14, 2016 |
| TX0008424054 | Shaun the Sheep: Blast to the Past. | May 25, 2017 |
| PA0002058814 | Shaun the Sheep : 111, Take Away. | October 10, 2017 |
| PA0002058803 | Shaun the Sheep : 107, Shape Up With Shaun. | October 10, 2017 |
| PA0002058820 | Shaun the Sheep : 115, Saturday Night Shaun. | October 10, 2017 |
| PA0002066282 | Shaun the Sheep : 129, Save The Tree. | October 10, 2017 |
| PA0002058856 | Shaun the Sheep : 209, Supersize Timmy. | October 10, 2017 |
| PA0002058841 | Shaun the Sheep : 219, Two's Company. | October 10, 2017 |
| PA0002058852 | Shaun the Sheep : 224, Bitzer's Basic Training. | October 10, 2017 |
| PA0002060716 | Shaun the Sheep : 230, The Big Chase. | October 10, 2017 |
| PA0002058959 | Shaun the Sheep : 301, The Stand Off. | October 10, 2017 |
| PA0002058962 | Shaun the Sheep : 307, Shaun The Fugitive. | October 10, 2017 |
| PA0002058937 | Shaun the Sheep : 317, Prickly Heat. | October 10, 2017 |
| PA0002058965 | Shaun the Sheep : 320, Bull vs Wool. | October 10, 2017 |
| PA0002058969 | Shaun the Sheep : 401, Caught Short Alien. | October 10, 2017 |
| PA0002058973 | Shaun the Sheep : 405, 3DTV. | October 10, 2017 |
| PA0002058980 | Shaun the Sheep : Season 4.1, Bitzer For A Day. | October 10, 2017 |
| PA0002058989 | Shaun the Sheep : Season 4.5 : 8, Picture Perfect. | October 10, 2017 |
| PA0002066277 | Shaun the Sheep Championsheeps : 104, Table Tennis. | November 22, 2017 |
| PA0002058997 | Shaun the Sheep Championsheeps : 112, Beach Volleyball. | November 22, 2017 |
| PA0002066262 | Shaun the Sheep Championsheeps : 116, Judo. | November 22, 2017 |
| PA0002066269 | Shaun the Sheep Championsheeps : 119, Synchronised Swimming. | November 22, 2017 |
| PA0002262936 | Farmageddon. | December 27, 2019 |
| TX0008208153 | Shaun the Sheep: On the Ball. | December 16, 2015 |

A list of the Aardman Trademarks is included in the below chart.

| Registration Number | Trademark | Registration Date | Goods and Services |
| --- | --- | --- | --- |

| | | | For: Bags, namely, shoulder bags, carry-all bags, rucksacks, sports bags, satchels, handbags and purses; wallets, purses; trunks for travelling and travelling bags; umbrellas, parasols; toiletry cases sold empty; dog wardrobes, namely, clothing and headwear for dogs in Class 018. |
|---|---|---|---|
| 6,763,807 | AARDMAN | Jun. 21, 2022 | For: Advertising services; advertising agency services; production of advertising films and audio-visual advertising media; design of advertising materials, namely, development of advertising concepts; marketing services; public relations; advertising, promotional advertising of products and services of third parties through sponsoring arrangements and license agreements relating to sporting events, cultural events, live theatrical shows, musical concerts and film festivals; advertising and promotional services by means of distributorship services and retail store services featuring fragrances, toiletries, recorded media, computer software, computer games, jewellery, watches, clocks, watch straps, key rings, printed matter, books and stationery, luggage, bags, cases, wallets and purses, household utensils, vessels and containers, glassware, china and plastic goods, clothing, footwear and headgear, household textiles, travellers' rugs, duvets, covers for pillows, cushions or duvets, rugs, mats, |

|  |  |  | games, toys, playthings and sporting goods; commercial administration of the licensing of the goods and services of others in Class 035.<br><br>For: Entertainment services in the nature of production and post-production of motion pictures, short films, television shows, and multimedia entertainment content; entertainment services in the nature of production of special effects, namely, model-making services, computer-generated imagery and computer generated graphics for the production of motion pictures, short films, television shows, and multimedia entertainment content; recording studio services; animation production and special effects animation for television shows, films and multimedia entertainment content; production and presentation of exhibitions for education, cultural, or entertainment purposes, live theatrical stage shows, live musical and theatrical performances; theatre productions; film and television show production; electronic games services, namely, providing online electronic games; providing on-line non-downloadable electronic publications in the nature of books, magazines, journals, brochures in the field of entertainment, children's entertainment, animation, comedy, fiction, children's fiction and educational content; |
|---|---|---|---|

| | | | information relating to entertainment in Class 041. |
|---|---|---|---|
| 2,969,005 | CREATURE COMFORTS | Jul. 19, 2005 | For: Motion picture film and audio, video and digital tape recordings featuring animated characters for use on and/or transmission via radio, television, cable and satellite; motion picture films featuring animated characters; pre-recorded discs, namely, compact, audio and video discs, prerecorded tapes, namely, video, audio and digital tapes, and CD-ROMs for the storage of audio and/or visual information both separately and together for the purposes of synchronous or dis-synchronous playback or information retrieval, all featuring animated characters; musical, sound and video recordings featuring animated characters; interactive and multimedia computer software featuring animated characters; publications in electronic form, namely, books, magazines, periodicals, strip cartoons (individual and compilations), comics, all stored electronically on CD-ROMs, digital versatile disks, on-line sites and other electronic storage devices, all featuring animated characters in Class 009. |
| 3,627,049 | SHAUN THE SHEEP | May 26, 2009 | For: Radio, television, cable and satellite recordings and cinematographic films, all in the fields of music, action, adventure, comedy, interviews, documentaries, fiction, sports, |

|  |  |  | video games, quizzes, nature, languages, teaching, classic movies science fiction, science and the arts; media for storage and/or reproduction of sound and/or visual images, namely, blank portable and stationary players for sound, video and data recordings on CD-ROMs, magnetic disks, optical disks, audio and video tape, and recorder/players for sound, video and data recordings, blank CD-ROMs, compact disks, digital versatile disks (DVDs), magnetic disks, optical disks, audio and video tape; pre-recorded discs, records, tapes, CD-ROMs, compact disks, digital versatile disks (DVDs), sound and video recordings in the fields of music, action, adventure, comedy, interviews, documentaries, fiction, sports, video games, quizzes, nature, languages, teaching, classic movies science fiction, science and the arts; interactive, computer and multi-media software for the purposes of education and entertainment in the fields of entertainment and animation, namely, radio, television, cable and satellite recordings and films in the field of music, action, adventure, comedy, interviews, documentaries, fiction, sports, video games, quizzes, nature, languages, teaching, classic movies science fiction, science and the arts; publications in electronic form that are downloadable and recorded on computer media, namely, |

|  |  |  | books, magazines, comics, and newsletters relating to radio, television, cable and satellite recordings and films; cameras; eyeglasses cases; sunglasses; mobile phone straps; mouse pads and other personal computer accessories, keyboards, computer mouses, computer mouse pens in the nature of magneto-optical pens, computer cursor control devices, namely, light pens; speakers for computers; TV games, namely, video games and computer games software for use with a television screen; decorative magnets in Class 009.<br><br>For: Articles made of or coated with precious metal, namely, pins, brooches, money clips, belt buckles for clothing, badges, jewellery boxes, keyrings, key chains, cufflinks, wrist bracelets, ankle bracelets, bangles, amulets, earrings, necklaces, pendants, medallions, charms, personal rings, watch straps, tie pins, ornamental pins, jewellery pins, tie clips, non-monetary coins, hat and shoe ornaments, statuettes, figurines, figures, jewellery and cigarette cases, coasters, serving trays, goblets, egg cups, salt cellars, pepper pots, coffee services, tea pots, tea strainers, tea caddies, dinnerware, namely, plates, cups, mugs, saucers, bowls, serving platters and tableware, namely, timepieces, and wrist watches in Class 014. |
|---|---|---|---|

| | | | For: Paper, cardboard and goods made from these materials, namely, party banners, cone paper party hats, paper party visors, party decorations, paper napkins, table covers, treat sacks and photographs; bookbindings; artists' materials, namely, arts and craft clay modelling kits, paint sets composed of paint and paper, and paint boxes, namely, arts and craft paint kits; paint brushes; printed matter, namely, brochures, newspapers, periodicals, magazines and books in the fields of entertainment and animation, namely, radio, television, cable and satellite recordings and films in the field of music, action, adventure, comedy, interviews, documentaries, fiction, sports, video games, quizzes, nature, languages, teaching, classic movies science fiction, science and the arts; diaries, personal organizers, blank bound journals, address books, trading cards, stickers, photo albums, scrapbooks, paper gift bags, postcards, posters, book markers, calendars, wrapping paper; photo stands; stationery, namely, invitations, announcement cards, place cards, thank you notes, stationery sets, files, paper, envelopes, memo pads, note pads, drawing pads, greeting cards, folders; pen and pencil cases; rubber erasers; pencils; pencil holders; adhesives and adhesive tape for stationery or household purposes; writing |
|---|---|---|---|

<table>
<tr><td></td><td></td><td></td><td>instruments; pens; ballpoint pens; felt pens; fibre-tip pens; crayons; chalks; pencil sharpeners; tracing paper; modelling materials, namely, modelling clay; photographs; iron-on transfers, namely, stickers; decalcomanias; colouring sets consisting of colouring instruments and colouring books; paper craft sets consisting of coloured paper for folding and/or paper cutout figures, and instructions for use therewith in Class 016.

For: Shoulder bags; carry-all bags; satchels; rucksacks; sports bags; handbags; purses; trunks; traveling bags; leather and imitations of leather and goods made of these materials, namely, trunks, traveling bags, bags, rucksacks, sports bags, handbags and purses; umbrellas; parasols; walking sticks; toiletry pouches sold empty; dog wardrobes, namely, clothing and headwear for dogs in Class 018.

For: Clothing, namely, T-shirts, shirts, blouses, sweatshirts, sweaters, fleece tops, trousers, shorts, skirts, underwear, boxer shorts, briefs, nightdresses, nightshirts, dressing gowns, robes, waistcoats, braces, vests, gloves, mittens, aprons, socks, scarves, neckties, mufflers, belts, dresses, coats, swim suits, pyjamas; footwear, namely, slippers, slipper socks, training shoes, sneakers, sandals, boots, shoes, Japanese slippers; headgear, namely,</td></tr>
</table>

10

|  |  |  | caps, hats, baseball caps, headscarves, visors, ear muffs, headbands, sweatbands in Class 025.<br><br>For: Puppets and toy models based on characters from television, cable and satellite recordings and films; toy masks based on characters from television, toys, namely, plush toys of a variety of materials; plush dolls; toy figurines; dolls; doll accessories; nursery toys; toy ride-on animals; toy ride-on vehicles; games and playthings, namely, board games, jigsaw puzzles, modelling kits for making toy animal, people, vehicle, car, truck, aircraft, train and boat models; piñatas; sporting articles, namely, bats, hockey sticks, rackets for sports, balls, shuttlecocks, flippers for swimming, body boards, sailboards, surfboards, roller skates, ice skates, in-line skates, playground activity apparatus, namely, swings, bars, climbing frames, slides, roundabouts; non-illuminated decorations for Christmas trees; playing cards in Class 028.<br><br>For: Entertainment services for adults and children in the nature of providing television and radio programs, feature films in the fields of entertainment and animation, namely, radio, television, cable and satellite programs and films in the field of music, action, adventure, comedy, interviews, documentaries, fiction, sports, video games, |
|---|---|---|---|

| | | | quizzes, nature, languages, teaching, classic movies science fiction, science and the arts, short clips, variety, comedy, music, talk, interviews; conducting competitions in the fields of general and specialized knowledge; live performances by musical bands; live music concerts; theatrical, musical, variety, and comedy television and radio shows featuring characters from radio and television programs, video games and movies; live theatrical, musical, variety, and comedy road shows and live theatrical, musical, variety, and comedy staged events for entertainment featuring characters from radio and television programs, video games and movies; production and recording of films, radio and television programmes, video, audio and multi-media recordings; distribution of films, radio and television programmes for others; recording studio services; animation production and special effects services for radio, television or films; production and presentation of live theatrical, musical, variety, and comedy shows and performances; theatre services, namely, theatrical performances, plays and musicals; publication services, namely, book and music publishing services; electronic publishing services, namely, publication of textual audio, audio-visual and graphic works |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | of others on optical disks, magnetic disks and tapes, and through a global computer network featuring or associated with television and radio programs; electronic games services, namely, provision of online games over the internet; providing on-line electronic publications, namely, providing information on and relating to television and radio programmes and feature films and characters featured therein; providing information relating to entertainment, namely, time and date listings for programmes and performances, programme information in Class 041. |
| 3,583,470 |  | Mar. 03, 2009 | For: cinematographic films, all in the fields of music, action, adventure, comedy; publications in electronic form that are downloadable and recorded on computer media, namely, books, magazines, comics, and newsletters relating to radio, television, cable and satellite recordings and films in Class 009. For: Entertainment services for adults and children in the nature of providing television programs, feature films in the fields of entertainment and animation, namely, television, cable and satellite programs and films in the field of action, comedy, short clips, comedy; comedy television shows featuring characters from radio and television programs, video games and movies; production and recording of films, |

13

| | | | |
|---|---|---|---|
| | | | television programmes, video and multi-media recordings; recording studio services; providing on-line electronic publications, namely, providing information on and relating to television programmes and feature films and characters featured therein in Class 041. |
| 7,147,355 |  | Aug. 29, 2023 | For: Downloadable electronic publications, namely, journals, magazines, books and brochures in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Downloadable educational media, namely, journals, magazines, books and brochures in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Motion picture films and animated films in the fields of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Downloadable animated cartoon strips; Downloadable radio, television, cable and satellite recordings featuring entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and |

14

| | | | educational content for children and adults; Blank digital media for storage and reproduction of sound and visual images; Pre-recorded magnetic data carriers featuring entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Laser discs, compact discs, and DVDs featuring movies, films, animation, cartoons, music, audio recording and video recordings, in the fields of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Downloadable computer game software relating to entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Downloadable educational game software for children in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Downloadable computer game software applications for games, entertainment and animation; downloadable educational mobile game applications in the |
|---|---|---|---|

<table>
<tr><td></td><td></td><td></td><td>field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Downloadable computer game software; Cases and covers for smartphones, tablet computers and communications devices, namely, laptops and smart watches; Bags adapted for laptops; Mouse mats; Decorative magnets; Magnetic badges in the nature of electronically encoded badges and swipe cards for use with time clocks; Optical glasses; Sunglasses; Spectacle cases in Class 009.

For: Printed matter, namely, instructional and teaching materials in the nature of books in the fields of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Printed instructional and teaching materials in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Printed books in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children</td></tr>
</table>

and adults; Blank cards; Printed greetings cards; Printed postcards; Printed magazines in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; Printed calendars; Stationery; Writing instruments and writing materials, namely, paper; Paper; Envelopes; Memo pads; Adhesive note pads; Drawing pads; Folders being stationery; Pen and pencil cases; Erasers; Pencils; Pencil holders; Crayons; Chalks; Pencil sharpeners; Pencil cases; Temporary tattoo transfers; Stickers, Decalcomanias; Colouring sets consisting of colouring pens, pencils and printed matter, namely, coloring books; Modelling compounds for use by children; Artists' materials, namely, pens, pencils and paint brushes; Paint brushes; Paper craft sets consisting of coloured paper for folding and instructions for use therewith in Class 016.

For: Luggage and travel bags; school bags; satchels; book bags; rucksacks; sports bags; handbags; wallets and purses; suitcases and travelling bags; umbrellas; wash bags sold empty for carrying toiletries; cosmetic bags sold empty and purses in Class 018.

For: Textiles, namely, textile wall hangings, namely, cloth

|  |  |  | posters, textile fabrics for use in the manufacture of garments, bags, jackets, gloves, and apparel; textiles and substitutes for textiles, namely, textile tablecloths, textile substitute materials made from synthetic materials; bed covers and plastic table covers and textile tablecloths; travelling rugs, textile fabrics for use in the manufacture of apparel; duvets; duvet covers; pillowcases, covers for cushions or duvets in Class 024.

For: Clothing, footwear and headwear, namely, t-shirts, shirts, tops, jumpers in the nature of knitted sweaters, and sweaters, trousers, sweatshirts, hoodies; aprons; socks; scarves; belts for clothing; dresses; coats; swimsuits; pyjamas; babywear, namely, bottoms, bodysuits and tops; shoes; boots; slippers; headwear, namely, caps in Class 025.

For: Toys, games and playthings, namely, puppets, action toys, board games, and model toy vehicles; puppets and toy models; plush toys; playing cards; educational toys and playthings, namely, electronic educational game machines for children; electronic educational game machines for children in Class 028.

For: Retail store services featuring paints, cutlery, and other digitally recorded media and animated cartoons, game |
|--|--|--|--|

|  |  |  | software and computer software applications, downloadable music, video, audio, game, media and software files and applications, downloadable electronic publications, cases and covers for smartphones, tablets and communications devices, bags adapted for laptops, mouse mats, decorative magnets, magnetic badges, glasses, sunglasses, spectacle cases, hot water bottles, key rings, badges, printed matter, books, instructional and teaching materials, cards, postcards, book markers, art, pictures, prints, calendars, wrapping paper, stationery, paper, envelopes, memo pads, note pads, drawing pads, greeting cards, folders, writing cases, rubbers, erasers, pencils, pencil holders, adhesives for stationery or household purposes, adhesive tape, writing instruments, crayons, chalks, pencil sharpeners, tracing paper, modelling materials, pencil cases, transfers, stickers, decalcomanias, colouring sets consisting of colouring instruments and printed matter, paper craft sets and materials, artists' materials, paint brushes, luggage and bags, school bags, satchels, book bags, rucksacks, sports bag, handbags, wallets and purses, suitcases and travelling bags, wash bags, cosmetic bags and purses, all-purpose portable household containers, cups and cup holders, glassware, porcelain, |
|---|---|---|---|

| | | | earthenware, crockery, works of art, statuettes, figurines, sculptures, household linen and textiles, bedlinen, towels, table linen, rugs, buttons, badges for wear, rugs, mats and matting, non-textile wall hangings, wallpaper, clothing, footwear and headgear, babywear, clothing accessories, toys, games and playthings, jigsaw puzzles, board games, toy models, model craft kits, sporting articles, decorations for Christmas trees, plush toys, playing cards, educational toys and playthings; Organizing and conducting exhibitions, fairs and events for commercial and advertising purposes; Advertising and promotional advertising of products and services of third parties through sponsoring arrangements and license agreements relating to events, products, and services, namely, films, television shows, radio programs, theatrical productions, musical shows, music artists, international sporting events, competitions, musical concerts, awards shows, art and cultural exhibitions, festivals, charitable fundraising events, theme parks and attractions, museums, postal and delivery services, financial and banking services, real estate services, energy services, educational services, food and drink, furniture, clothing, toys and games, toiletries and cosmetics, pharmaceuticals, software and consumer technology, home goods and sporting goods in the |
|---|---|---|---|

| | | | fields of entertainment, children and adults entertainment, family entertainment, animation, drama, comedy, fiction, children and adults fiction and educational content for children and adults; Advertising and promotional services through the distribution of merchandise, namely, distribution of products for advertising purposes in Class 035.

For: Entertainment services, namely, providing classes and seminars in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; education, namely, providing classes and seminars in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; sporting and cultural activities, namely, conducting of sports competitions; animation production services; production of movie and TV special effects and animation production services for television and audio, video and digital media including online media; publication and editing of written text; video, audio and digital multimedia publishing services; on- line publishing services, namely, online |
|---|---|---|---|

<table>
<tr><td></td><td></td><td></td><td>electronic publishing of books and periodicals; providing online, non-downloadable electronic publications in the nature of journals, magazines, books and brochures in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; production of television shows; radio entertainment production; television entertainment services, namely, providing ongoing television programs in the field of entertainment, children and adults entertainment, family entertainment, animation, drama, comedy, fiction, children and adults fiction and educational content for children and adults via a global computer network; theatre productions; film production; distribution of films, radio and television programs, audio recordings, and multimedia entertainment content for others; production and distribution of videos in the field of entertainment, children and adults entertainment, family entertainment, animation, drama, comedy, fiction, children and adults fiction and educational content for children and adults; providing online videos, not downloadable, in the field of entertainment, children's entertainment, family entertainment, animation,</td></tr>
</table>

|  |  |  | drama, comedy, fiction, children's fiction and educational content for children and adults, not downloadable; providing online computer games, non-downloadable; presentation of variety shows; presentation of live show performances; amusement park services; providing amusement arcade services; organization of competitions in the fields of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults, for educational, cultural or for entertainment purposes; arranging and conducting of exhibitions for entertainment, cultural or educational purposes; Educational services, namely, providing displays and exhibits in the fields of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; arranging and conducting workshops for educational, training or recreational purposes in the field of entertainment, children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults; arranging, conducting and providing seminars and presentations in the field of entertainment, |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | children's entertainment, family entertainment, animation, drama, comedy, fiction, children's fiction and educational content for children and adults in Class 041. |
| 4,287,218 | TIMMY TIME | Feb. 12, 2013 | For: Sound and video recordings and motion picture films, namely, television, cable and satellite recordings and films, all in the fields of drama, comedy, fiction pre-recorded discs, featuring animation; sound and video recordings, namely, pre-recorded discs, sound and video recordings in the fields of drama, comedy fiction in Class 009. |
| 5,926,457 | TIMMY TIME | Dec. 03, 2019 | For: Online retail store services featuring merchandise and DVDs related to animated characters in Class 035. |
| 3,424,968 | Wallace & Gromit | May 13, 2008 | For: pre-recorded tapes and disks featuring presentation and interactive music in Class 009.<br><br>For: graphic art reproductions in Class 016. |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Aardman has presented specific facts in the Declaration of Paul Varley [13], paragraphs 30-35, and the Declaration of Martin F. Trainor [12-1], paragraphs 2-4, in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and

likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1.  Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a.  using the Aardman Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Aardman product or not authorized by Aardman to be sold in connection with the Aardman Trademarks;

    b.  reproducing, distributing copies of, making derivative works of, or publicly displaying the Aardman Copyrighted Works in any manner without the express authorization of Aardman;

    c.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Aardman product or any other product produced by Aardman, that is not Aardman's or not produced under the authorization, control, or supervision of Aardman and approved by Aardman for sale under the Aardman Trademarks and/or Aardman Copyrighted Works;

    d.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Aardman, or are sponsored by, approved by, or otherwise connected with Aardman; and

    e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Aardman, nor authorized by Aardman to be sold

or offered for sale, and which bear any of Aardman's trademarks, or any reproductions, counterfeit copies, or colorable imitations and/or which bear Aardman Copyrighted Works.

2.    Upon Aardman's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Seller Aliases, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Limited ("Alibaba"), AliExpress.com ("AliExpress"), Amazon.com, Inc. ("Amazon"), Fruugo.com Limited ("Fruugo"), Focus Technology Co., Ltd. ("MadeinChina"), Printerval.com ("Printerval"), Qoo10 Pte. Ltd. ("Qoo10"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Aardman expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a.  the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b.  the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Seller Aliases and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Seller Aliases; and

    c.  any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or

participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon.com, Inc. ("Amazon"), Amazon Pay, Alibaba Group Holding Limited ("Alibaba"), AliExpress.com ("AliExpress"), AliPay, Ant Financial Services Group ("Ant Financial"), Fruugo.com Limited ("Fruugo"), PayPal, Inc. ("PayPal"), Payoneer Global, Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), Stripe, Inc. ("Stripe"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3.     Upon Aardman's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Aardman Trademarks and/or which bear the Aardman Copyrighted Works.

4.     Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5.     Any Third Party Providers, including Amazon, Amazon Pay, Alibaba, AliExpress, AliPay, Ant Financial, Fruugo, PayPal, Payoneer, PingPong, Stripe, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order:

   a.   locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A

27

hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Paul Varley, and any e-mail addresses provided for Defendants by third parties; and

b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court or until the Order expires, whichever occurs earlier.

6.  Aardman is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a.  the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses; and

b.  the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Seller Aliases and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Seller Aliases.

7.  Aardman is authorized to issue any the expedited discovery requests authorized in Paragraph 6 via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

8.  Aardman may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 3 to the Declaration of Paul Varley and any e-mail addresses provided for Defendants by third parties.  The Clerk of the Court

is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Schedule A to the Complaint [2], Exhibit 3 to the Declaration of Paul Varley [14], and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

10. Plaintiff shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount was deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules.

12. This Temporary Restraining Order without notice is entered at 10:00 A.M. on this 12th day of September 2024 and shall remain in effect for fourteen (14) calendar days.

Matthew F. Kennelly
United States District Judge

29

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATHWAY IP LLC,

           Plaintiff,

v.

The Individuals, Corporations, Limited
Liability Companies, Partnerships, and
Unincorporated Associations Identified on
the Attached Schedule A,

           Defendants.

No. 24-cv-5218

Judge Franklin U. Valderrama

**ORDER**

Plaintiff Pathway IP LLC (Pathway) brings this patent infringement suit against 82 Defendants, alleging that Defendants have infringed U.S. Patent No. 7,841,729 (the '729 Patent), through their sale of ring lights. Before the Court is Defendants Luxsure-US and Yarrashop Direct's (collectively, the Luxsure Defendants) motion to dismiss for improper joinder. R. 105, Luxsure Defs.' Mot.[1] For the reasons that follow, the Motion is granted in part and denied in part.

**Background**

"It has become commonplace in this district for holders of trademark and trade dress rights to file suits naming dozens or even hundreds of claimed infringers and counterfeiters, alleging that they are selling" counterfeit products online. *Patent Holder Identified in Exhibit 1 v. Does 1-254*, 2021 WL 410661, at *1 (N.D. Ill. Feb. 6, 2021). Typically, the plaintiffs seek an injunction and recovery of damages. *Id.* "In these lawsuits, the actual identities and locations of the sellers are unknown to the trademark holder because they have used assumed names. The lawsuits are typically filed against a group of sellers whose assumed names are listed on an attachment to the complaint, usually called 'Schedule A.'" *Id.*

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

The present case is styled as a "Schedule A" case, but there is a fundamental difference from the usual suit because the present case is a patent infringement suit, not a trademark infringement suit. Specifically, here, Pathway alleges that each of the "Schedule A" Defendants is selling products that infringe a patent issued to Pathway, the '729 Patent.

The infringement allegations in the Amended Complaint are relatively conclusory, e.g., "Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series or transactions or occurrences." R. 85, Am. Compl. ¶ 25. The allegations in the Amended Complaint contain minimal information about how the claimed infringing products are alleged to infringe the patent. *See* Am. Compl. at Exh. 6. And none of the allegations in the Amended Complaint says anything specific about any individual Defendant, including the Luxsure Defendants.

Instead, in the Amended Complaint, Pathway contends it is the lawful owner of a valid and enforceable patent, the '729 Patent, a "webcam illuminator device," and that Defendants are selling products infringing Pathway's patented invention. Am. Compl. ¶¶ 2, 6–11. Pathway does include as part of its Amended Complaint an exhibit of "exemplary Defendants listed on Schedule A to the Complaint" which includes Yarrashop, and which exhibit details the allegations of how the product offered for sale by Yarrashop infringes the '729 Patent. R. 85-6, Exh. 6 at 3. The Luxsure Defendants challenge the sufficiency of the Amended Complaint based on misjoinder only.

## Legal Standard

Generally, Federal Rule of Civil Procedure 20 governs permissive joinder of civil cases in federal court. Rule 20 provides that Defendants "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed R. Civ. P. 20.

However, for cases "relating to patents[,]" the American Invents Act (AIA) governs joinder. Section 299 of the AIA provides, in relevant part:

(a) Joinder of Accused Infringers.—With respect to any civil action arising under any Act of Congress relating to patents . . . parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—

2

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a).

As for a remedy for misjoinder, Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed R. Civ. P. 21.

## Analysis

In their Motion, the Luxsure Defendants argue that the joinder requirements of the AIA control, and that Pathway has failed to meet those requirements through its Amended Complaint. Specifically, the Luxsure Defendants contend that they do not sell the same products as other named Defendants, and that Pathway has failed to allege that Defendants meet the same transaction, occurrence, or series of transactions or occurrences required by Section 299 of the AIA. The Court addresses each argument in turn.

## I.     Whether Rule 20 or the AIA Applies

As a threshold issue, the Court must decide whether Rule 20 or the AIA applies to joinder in this action.

The Luxsure Defendants contend that Pathway has failed to demonstrate that joinder of the Luxsure Defendants complies with the requirements of the AIA, specifically Section 299, as required in patent cases.

In response, Pathway argues that the Luxsure Defendants' reliance on Section 299 of the AIA to analyze joinder in this case is too narrow because Pathway also asserts claims for non-patent causes of action in this matter. R. 115, Resp. at 2. These other Counts include (1) unfair competition under the Lanham Act (Count II), (2) unjust enrichment under Illinois state common law (Count III), and (3) unfair competition under Illinois state common law (Count IV). *See* Am. Compl. On that

basis, argues Pathway, joinder should be analyzed under Federal Rule of Civil Procedure 20(a). Resp. at 2–3. And under Rule 20, argues Pathway, joinder is proper at the preliminary stage. *Id.* at 3. Pathway cites *Bose Corp. v. P'ship and Unincorporated Ass'ns Identified on Sched. "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) for the proposition that joinder is proper against a "swarm" of infringers. *Id.* at 4. Pathway also cites *Tang v. P'ships and Unincorporated Associations Identified on Sched. A*, 2024 WL 68332, at \*3 (N.D. Ill. Jan. 4, 2024) to support this proposition.

Before the AIA was enacted, "it was common for patent holders . . . to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this." *Oakley, Inc. v. P'ships & Unincorporated Associations Identified on Schedule "A"*, 2021 WL 308882, at \*1 (N.D. Ill. Jan. 30, 2021). The AIA provides that accused infringers of a patent may be joined in a single action as defendants only if a right to relief "is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering, or selling "the same accused product or process," 35 U.S.C. § 299(a)(1), and only if there are questions of fact common to all defendants that will arise, *id.* § 299(a)(2). Importantly, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).

The Court finds that the AIA joinder requirements apply in this case. Here, indisputably, Pathway's action is a civil action "relating to patents" within the meaning of Section 299, as Pathway alleges Defendants have infringed its '729 Patent. Although Pathway argues that the non-patent claims in the Amended Complaint require the Court to apply Rule 20 instead of the AIA, Pathway fails to cite to any authority for this proposition. Further, if Pathway was correct, then patent suit filers could simply include other non-patent counts in their Complaint to plead around the more stringent requirements of the AIA for joinder; clearly, this would gut the AIA's joinder requirements which covers civil actions "relating to patents."

Moreover, Pathway's citation to *Bose Corporation* and *Tang* does not compel a different result. In *Bose Corporation*, the court was considering joinder in the context of trademark infringement, not patent infringement. 334 F.R.D. at 516. And in *Tang*, a patent infringement case, the court dismissed the action for misjoinder under Section 299. 2024 WL 68332, at \*3 ("This case does not involve a 'swarm' of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather, it involves multiple sellers of the exact same type of product allegedly infringing on one seller's design patent. The essence of the dispute here is not infringement *en masse* but rather instances of infringement by distinct competitors.").

Thus, the Court applies the AIA's joinder requirements in considering the Luxsure Defendants' Motion.

## II.   Whether the Complaint Sufficiently Alleges Defendants Sell the Same Product

Turning to whether the requirements of the AIA are met for joinder in this case, the Luxsure Defendants argue that the requirements of Section 299 are unmet because Defendants in this case do not sell the same products. Mot. at 2. In support, the Luxsure Defendants contend that the AIA's joinder provision is more stringent than Federal Rule of Civil Procedure 20—adding a "requirement that the transaction or occurrence must relate to the making, using, or selling of the *same accused product or process*." *Id.* (citing *Rosetta-Wireless Corp. v. Apple Inc.*, 2015 WL 6955492, at *3 (N.D. Ill. Nov. 10, 2015)). The Luxsure Defendants maintain that it is insufficient to merely allege that each Defendant has infringed the patent or patents-in-suit; rather, Section 299 requires that the joined Defendants sell the same accused product, not a product that shares similarities. *Id.* (citing *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, 2012 WL 4513805, at *2–3 (C.D. Cal. Oct. 1, 2012)). The Luxsure Defendants cite case law within this District to support their contention that the manufacture or sale of similar products does not support joinder in a patent case. *Id.* at 3 (citing *Rudd v. Lux Products Corp.*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011); *Cozy Comfort Co. LLC v. Individuals, Corps. Ltd. Liab. Companies, P'ships, and Unincorporated Assn's Identified on Sched. A to Compl.*, 2024 WL 2722625, at *9 (N.D. Ill. May 28, 2024)).

At bottom, the Luxsure Defendants argue that Defendants do not sell the same accused products, and joinder is therefore improper. Mot. at 2–3. Specifically, the Luxsure Defendants argue that the conclusory allegation in the Amended Complaint that the accused products offered for sale by Defendants "bear similarities and indicia of being related to one another, suggesting that the [products] were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated" is not enough for joinder under Section 299 of the AIA. *Id.* at 3 (citing Am. Compl. ¶ 22). In support, the Luxsure Defendants include a chart showing differences between its products and other accused products sold by other Defendants, which they insist showcase differences in "design, features, intended use, and light emission capabilities[.]" *Id.* at 4–5.

In response, Pathway contends that there are other named Defendants that sell identical products to the Luxsure Defendants. Resp. at 1–2, 5–6. In support of this contention, Pathway includes a chart depicting the Luxsure Defendants'

products compared with the products of five other Defendants. *Id.* at 5–6, Table 1. Pathway also submits that "an examination of the remaining Defendants reveals that many of the Defendants share nearly identical features but vary from [the Luxsure Defendants] in offering additional light color options, but the products otherwise have a nearly identical structure." *Id.* at 6.

Under Section 299, allegations that each Defendant has infringed the '729 Patent is insufficient to meet the requirements for joinder. *See* 35 U.S.C. § 299(b) ("For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."). Moreover, joinder is only proper where an alleged infringer is making, using, importing, offering for sale, or selling "the same accused product or process[.]" *Id.* § 299(a). This requirement has been interpreted to mean "identically sourced" and "it is not enough that the accused products have similarities." *Cozy Comfort Co.*, 2024 WL 2722625, at *9 (citing *Digitech*, 2012 WL 4513805, at *2–3)).

Here, Pathway's allegations support that Defendants are infringing its '729 Patent. However, based upon Pathway's own arguments, it is evident that there are differences among the various products offered by Defendants. For example, the Luxsure Defendants identify several named Defendants whose product offerings differ from its own product offerings, whereas Pathway argues that the Luxsure Defendants' products share similarities with a few other named Defendants. *Compare* Mot. at 5 *with* Resp. at 5–6. But the chart submitted by Pathway in its response does not conclusively show identical products offered by the Luxsure Defendants and the five other named Defendants, let alone all the named Defendants. For example, while Pathway contends the images in the chart support that the Luxsure Defendants sell "identical" products to the other few Defendants included in the chart, the photos do not seem so obvious. From the Court's view, and from the limited information included in the chart, there appears to be different sizes, features, and accessories. *See* Resp. at 5–6. The variations demonstrate that Defendants are not selling the same products. Further, Pathway contends that "an examination of the remaining Defendants reveals that many of the Defendants share *nearly* identical features[,]" which contention reveals that there are, in fact, differences between the Luxsure Defendants and remaining Defendants' products. *See* Resp. at 6 (emphasis added); *see also* Am. Compl. ¶ 4 ("E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and *similarities* of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences.") (emphasis added).

6

Thus, on the limited record before it, the Court finds that Pathway has not demonstrated that the Luxsure Defendants sell the same products as the other named Defendants, as required by the AIA. Instead, Pathway's allegations support that each Defendant may be infringing its '729 Patent, but not through identical products. Yet similarities do not suffice. *Cozy Comfort Co*, 2024 WL 2722625, at *9 (finding joinder under Section 299 was improper where plaintiff conclusorily alleged that the products offered for sale "bear similarities and indicia of being related to one another, suggesting that the [products] were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.").

On that basis, joinder is improper. Although this finding is an independent basis for granting the Luxsure Defendants' motion, for the sake of completeness, the Court will also analyze the Luxsure Defendants' secondary argument.

### III. Whether the Complaint Sufficiently Alleges Defendants Meet the Same Transaction, Occurrence, or Series of Transactions or Occurrences

The Luxsure Defendants also argue that Pathway has not met the same transaction, occurrence, or series of transactions or occurrences requirement of Section 299 of the AIA. Again, the Luxsure Defendants point to allegations that they contend are conclusory, citing the allegation that "on information and belief the tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network." Mot. at 6 (citing Am. Compl. ¶ 12). That Pathway alleges Defendants engaged in similar or parallel conduct is insufficient, argues the Luxsure Defendants, citing *Oakley, Inc.*, 2021 WL 308882, at *2. The Luxsure Defendants also contend that allegations of using the same payment methods, check-out procedures, and offering products at similar prices, using the same text and images, is insufficient to support joinder. Mot. at 6–7. Finally, the Luxsure Defendants also argue that Pathway fails to allege or explain how common questions of fact will arise, as required by Section 299(a)(2). *Id.* at 7.

In response, Pathway does not directly address how Defendants meet the same transaction, occurrence, or series of transactions or occurrences requirement for joinder. Instead, Pathway focuses on its allegations that Defendants, by the sale of the allegedly Unauthorized Products, "are eroding Plaintiff's market share by preventing Plaintiff from entering the market, a market in which Plaintiff should have had exclusory rights," again citing "mass infringement." Resp. at 4–5. Pathway also contends that the similarity of the products "suggests that there is, at

least, a common manufacturer or distributor, or a set [sic] few common manufacturers and/or distributors, working with Defendants in this matter . . . in the infringement of Plaintiff's Patent, if not an active and concerted effort by Defendants to sell products which infringe Plaintiff's Patent[.]" *Id.* at 7.

In applying Section 299, the "same transaction, occurrence, or series of transactions or occurrences" requirement has been interpreted to mean that "two defendants both manufacturing accused products who are competitors and not acting in concert—would result in misjoinder under § 299 because they would not satisfy the same transaction or occurrence requirement" whereas "multiple defendants operating at different levels in the same stream of commerce—for example, one manufacturer defendant (the upstream defendant) and one retailer defendant (the downstream defendant)—can properly be joined pursuant to § 299 where the upstream defendant provides the product to the downstream defendant." *Cozy Comfort Co.*, 2024 WL 2722625, at *9 (citing *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, 2014 WL 5580967, at *5 (D. Haw. Oct. 30, 2014)). Where a "logical relationship" between defendants exists, joinder may be proper, however, "[c]ourts have considerable discretion and flexibility in determining whether a plaintiff has plausibly alleged such a relationship." *Tang*, 2024 WL 68332, at *1 (cleaned up).[2]

Here, at best, Pathway alleges that it suspects the accused products are all being made by the same unknown manufacturer, and that the Defendants are competing in a market "in which Plaintiff should have had exclusionary rights." Resp. at 5, 7. In effect, Pathway is alleging each Defendant is infringing its patent. But without more, this does not meet the standard of Section 299. 35 U.S.C. § 299(b).

At this stage, again, the Court agrees with the Luxsure Defendants that they are improperly joined. Having made a finding that the Luxsure Defendants are improperly joined, the Court turns to the appropriate remedy for misjoinder.

## IV.     Remedy for Misjoinder

The Luxsure Defendants argue the proper remedy for misjoinder is dismissal, whereas Pathway argues the proper remedy is severing the claims against the Luxsure Defendants into a separate lawsuit.

Pathway argues that severance is governed by Federal Circuit law. Resp. at 7 (citing *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012) ("[J]oinder in patent cases is based on an analysis of the accused acts of infringement, and this involves

---

[2] *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

substantive issues unique to patent law.")). Pathway asks that the claims against the Luxsure Defendants be separated from this case, placed under a new case number, without being dismissed and refiled. *Id.* Pathway posits that doing so would promote judicial efficiency, and the Court's orders entered to date would remain in effect, and because the '729 Patent would be treated the same across each severed case. *Id.* at 8 (citing *CAO Group, Inc. v. The Individuals, Corps., Limited Liability Companies, P'ships, and Unincorporated Assoc. Identified on Sched. A*, Case No. 24-cv-01211, R. 95 (N.D. Ill. June 14, 2024) (J. Durkin) (ordering severance instead of dismissal for improperly joined defendants in a patent infringement case).

Predictably, the Luxsure Defendants disagree. Specifically, the Luxsure Defendants contend that severance and consolidation are inconsistent with the underlying policy of Section 299 of the AIA. R. 142, Reply at 5. Further, the Luxsure Defendants argue that consolidation will complicate confidentiality issues, requiring them to disclose confidential information to direct competitors, instead of disclosing solely to Pathway. *Id.* at 6. The Luxsure Defendant cite *WiAV Networks, LLC v. 3Com Corp.*, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) to support their arguments that misjoinder requires dismissal, not severance. *Id.* Finally, the Luxsure Defendants argue any request for consolidation is premature, and that Pathway's suggested path forward deprives the Court of filing fees to which it is entitled. *Id.* at 7. For those reasons, the Luxsure Defendants argue the remedy is dismissal for misjoinder, citing *LG Elecs., Inc. v. P'ships & Unincorporated Associations Identified in Schedule A*, 2021 WL 5742389 at *4 (N.D. Ill. Dec. 2, 2021).

The case cited by Pathway to support its argument on severance is inapposite, as it concerned the pre-AIA standard of joinder for patent cases under Rule 20. *See In re EMC Corp.*, 677 F.3d at 1356. But the Court also observes that the in-District case cited by the Luxsure Defendants to support their argument for dismissal is distinguishable because in that case the court reasoned that "Plaintiffs implicitly concede that they misjoined the [moving defendants] because they do not claim that the [moving defendants] sell the same accused product as other named defendants[.]" *LG Elecs., Inc.*, 2021 WL 5742389, at *4.

Recall that Rule 21 provides that misjoinder is not a ground for dismissing an action, but the Court may drop a party or sever any claim against a party. Fed. R. Civ. P. 21. On that basis, the Court finds severing the claims brought against the Luxsure Defendants is appropriate.

The Court also agrees with the Luxsure Defendants as to filing fees; if defendants have been improperly joined, it does not follow that a plaintiff is absolved from paying filing fees for a separate case against those defendants. Accordingly, the

Court will require Pathway to pay the filing fee for its separate lawsuit against the Luxsure Defendants, should it choose to proceed against them.

The Court also agrees that any request for consolidation is premature, but will consider any motion for consolidation from Pathway as to the Luxsure Defendants if such a motion is filed.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part the Luxsure Defendants' Motion. The Luxsure Defendants have been misjoined in this action, and the claims against the Luxsure Defendants are severed from this action. The Clerk of Court is directed to open a new case as to Defendant Luxsure-US and Defendant Yarrashop Direct and to assign such action to this Court. Pathway is required to pay the filing fee.

Based on this ruling, by November 15, 2024 the Court orders Pathway to file a status report as to whether it will be proceeding as to the remaining Defendants in one action or grouping Defendants in separate actions. Based on that status report, the Court will set new deadlines for an Amended Complaint in this original action, and any severed actions.

Date: November 8, 2024

Judge Franklin U. Valderrama
United States District Judge

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

VIACOM INTERNATIONAL INC.,

                Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

                Defendants.

Case No. 23-cv-02736

**Judge Matthew F. Kennelly**

## SEALED EX PARTE TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Plaintiff Viacom International Inc.'s ("Viacom" or "Plaintiff") *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) (the "Motions") against the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (the "Seller Aliases"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motions in their entirety.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and,

---

[1] The e-commerce store URLs are listed on Schedule A attached hereto.

have sold products bearing unauthorized copies of Plaintiff's copyrighted works, including the copyrighted works listed in the table below (the "TMNT Copyrighted Works"), to residents of Illinois:

| U.S. Copyright Reg. No. | Work Title | Issue Date |
|---|---|---|
| VAu001118386 | Teenage Mutant Ninja Turtles – 2012 Styleguide | November 11, 2012 |
| VAu001211984 | Teenage Mutant Ninja Turtles – Property Universe Mythology Styleguide | March 13, 2013 |
| VAu001188358 | Teenage Mutant Ninja Turtles: Turtle Power! Styleguide | October 21, 2014 |
| VAu001230628 | Teenage Mutant Ninja Turtles: 2015 Styleguide | October 22, 2015 |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Paul Varley [11], paragraphs 20-25, and the Declaration of Martin F. Trainor [10-1], paragraphs 2-4, in support of the Motion for Temporary Restraining Order and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movants before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the TMNT Copyrighted Works in any manner without the express authorization of Plaintiff;

    b.   passing off, inducing, or enabling others to sell or pass off any product as Plaintiff's product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the TMNT Copyrighted Works;

    c.   committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.   further infringing the TMNT Copyrighted Works and damaging Plaintiff's goodwill; and

    e.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the TMNT Copyrighted Works.

2.    Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Seller Aliases including, without limitation, any online marketplace platforms such as Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), Etsy, Inc. ("Etsy"), Fruugo.com Limited ("Fruugo"), and Walmart, Inc. ("Walmart") (collectively, the "Third-Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendants' Seller Aliases and financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Seller Aliases; and

c. any financial accounts owned or controlled by Defendants, including their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alibaba, Alipay, Amazon, Ant Financial Services Group ("Ant Financial"), eBay, Etsy, Fruugo, PayPal, Inc. ("PayPal"), Payoneer Global, Inc. ("Payoneer"), and Walmart, or other merchant account providers, payment providers, third-party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the TMNT Copyrighted Works.

4

4.     Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5.     Any Third-Party Providers, including Alibaba, Alipay, Amazon, Ant Financial, eBay, Etsy, Fruugo, PayPal, Payoneer, and Walmart, shall, within seven (7) calendar days of receipt of this Order:

   a.   locate all accounts and funds connected to Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Varley, and any e-mail addresses provided for Defendants by third parties; and

   b.   restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6.     Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

   a.   the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

   b.   the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendants' Seller Aliases and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective e-commerce stores.

7.     Plaintiff is authorized to issue any such expedited discovery requests authorized in Paragraph 6 via e-mail.  Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

8.     Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website, and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Varley and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9.     Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Paul Varley [12], and this Order shall remain sealed until further ordered by this Court.

10.    Plaintiff shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

12. This Temporary Restraining Order without notice is entered at 1:30 PM on May 9, 2023 and shall remain in effect for fourteen (14) days.

Matthew F. Kennelly
United States District Judge

Viacom International Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A" – Case No. 23-cv-02736

# Schedule A

| No. | Seller Alias | URL |
|-----|--------------|-----|
| 1 | Dongguan Haofeng Commercial Trading Co., Ltd. | https://haofengct.en.alibaba.com/minisiteentrance.html |
| 2 | Dongguan Mito Technology Co., Ltd. | https://mitotechnology.en.alibaba.com/minisiteentrance.html |
| 3 | Dongguan Yuxuan Plastic Hardware Products Co., Ltd. | https://yuxuangifts.en.alibaba.com/minisiteentrance.html |
| 4 | Ens Toys (Huizhou) Co., Ltd. | https://ensfactory.en.alibaba.com/minisiteentrance.html |
| 5 | Fujian Quanzhou Zhenyue Arts & Crafts Co., Ltd. | https://zysnowglobe.en.alibaba.com/minisiteentrance.html |
| 6 | Huizhou Junhui Electronic Commerce Co., Ltd. | https://junhui666.en.alibaba.com/minisiteentrance.html |
| 7 | Quanzhou Cuishan Trading Co., Ltd. | https://quanzhoucuishan.en.alibaba.com/minisiteentrance.html |
| 8 | Shenzhen Dihao Technology Co., Ltd. | https://szdihao.en.alibaba.com/minisiteentrance.html |
| 9 | Shenzhen Hemu'an Technology Co., Ltd. | https://hemuan.en.alibaba.com/minisiteentrance.html |
| 10 | Shenzhen Huiboxin Electronics Co., Ltd. | https://huiboxin.en.alibaba.com/minisiteentrance.html |
| 11 | Shenzhen Xinmeiyi Electronic Technology Co., Ltd. | https://newmaycompany.en.alibaba.com/minisiteentrance.html |
| 12 | Shijiazhuang Finelai Trading Co., Ltd. | https://cnfinelai.en.alibaba.com/minisiteentrance.html |
| 13 | Xiamen Yixiang Toy Co., Ltd. | https://xmyixiang.en.alibaba.com/minisiteentrance.html |
| 14 | Yangzhou Mova Toys Trade Co., Ltd. | https://yzmova.en.alibaba.com/minisiteentrance.html |
| 15 | -YikN- | https://www.amazon.com/sp?ie=UTF8&seller=A3P2PQN1PJKKKO |
| 16 | Doll Toy Dealer | https://www.amazon.com/sp?ie=UTF8&seller=ARI87BOSHRYUS |
| 17 | hepeimingshangmaoyouxiangongsi | https://www.amazon.com/sp?ie=UTF8&seller=A39II3P0EB6M6Y |
| 18 | LISHUMING | https://www.amazon.com/sp?seller=A1NSRD7A3IPNR& |

| 19 | LISISI11 | https://www.amazon.com/sp?ie=UTF8&seller=A13CZWKE61GVXX |
|----|----------|----------------------------------------------------------|
| 20 | zuchenggheng | https://www.amazon.com/sp?ie=UTF8&seller=AMRDCIBEU4DF |
| 21 | ipms_ent | https://www.ebay.com/usr/ipms_ent |
| 22 | the-amazing-store | https://www.ebay.com/usr/the-amazing-store |
| 23 | AnselMaggieShop | https://www.etsy.com/uk/shop/AnselMaggieShop |
| 24 | Dongguanshi Shoumo Dianzishangwu Youxiangongsi | https://www.fruugo.us/search?merchantId=15406 |
| 25 | Ningbo Huazhirui Electronic Commerce | https://www.fruugo.us/search?merchantId=15824 |
| 26 | Shenzhenshi Ai Shang Yangguang Maoyi Youxian Gongsi | https://www.fruugo.us/search?merchantId=15938 |
| 27 | Shenzhen Rongxiner Network Technology Co., Ltd. | https://www.walmart.com/seller/101044636 |
| 28 | Tena Ninja | https://www.amazon.com/sp?ie=UTF8&seller=AGU421A5LFYKO |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SEGA CORPORATION and SEGA OF
AMERICA, INC.,

                      Plaintiffs,

    v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

                    Defendants.

Case No. 24-cv-05162

**Judge Franklin U. Valderrama**

**Magistrate Judge Jeffrey Cole**

## SEALED TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Sega Corporation and Sega of America, Inc.'s ("Sega" or "Plaintiffs") *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery [R. 11], and Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) [R. 15] (the "Motions") against the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (the "Seller Aliases"), and this Court having heard the evidence before it hereby GRANTS Sega's Motions in their entirety.

This Court further finds that it has personal jurisdiction over the Defendants based on Sega's unrebutted assertions that the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Sega has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold

---

[1] The e-commerce store URLs are listed on Schedule A attached hereto.

products bearing unauthorized copies of Sega's copyrighted works, including the distinctive characters embodied therein ("Sega Copyrighted Works"), and/or using infringing and counterfeit versions of Sega's trademarks ("Sega Trademarks") to residents of Illinois.   In this case, Sega has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing and counterfeit versions of the Sega Trademarks and/or unauthorized copies of the Sega Copyrighted Works. *See* Exhibit 3 to the Declaration of Paul Varley [R. 14], which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing, and able to ship its infringing and counterfeit goods to customers in Illinois.

A list of the Sega Copyrighted Works is below.

| U.S. Copyright Reg. No. | Work Title | Issue Date |
|---|---|---|
| PA0002344266 | Sonic the Hedgehog 2 | April 8, 2022 |
| PRE000011798 | Sonic the Hedgehog 2 | April 9, 2021 |
| PA0002228951 | Sonic the Hedgehog | February 18, 2020 |
| PRE000010948 | Sonic the Hedgehog | July 22, 2019 |
| TX0008029049 | Sonic Boom. | January 22, 2015 |
| TX0007606111 | Sonic & Knuckles "Mecha Madness Special" | October 8, 2012 |
| TX0007609228 | Sonic & Knuckles | October 8, 2012 |
| TX0007609248 | Sonic Adventures "Nights Into Dreams" | October 8, 2012 |
| TX0007609603 | Sonic Adventures "Nights Into Dreams" | October 8, 2012 |
| TX0007609483 | Sonic Adventures "Nights Into Dreams" | October 8, 2012 |
| TX0007609242 | Sonic Adventures "Nights Into Dreams" | October 8, 2012 |
| TX0007609194 | Sonic Blast | October 8, 2012 |
| TX0007609230 | Sonic Live | October 8, 2012 |
| TX0007609187 | Sonic the Hedgehog "In Your Face". [Published: 1997-01-15. Issue: no. 1, 01/15/1997] | October 8, 2012 |
| TX0007609198 | Sonic Triple Trouble. [Published: 1995-06-28. Issue: no. 1, 06/28/1995] | October 8, 2012 |
| TX0007609235 | Sonic vs. Knuckles. [Published: 1995-04-17. Issue: no. 1, 04/17/1995] | October 8, 2012 |

| TX0007606123 | Sonic Quest: Death Egg Saga. [Published: 1996-08-26. Issue: no. 1, Dec 1996] | September 25, 2012 |
|---|---|---|
| TX0007606128 | Sonic Quest: Death Egg Saga. [Published: 1996-09-15. Issue: no. 2, Jan 1997] | September 25, 2012 |
| TX0007606137 | Sonic Quest: Death Egg Saga. [Published: 1996-11-16. Issue: no. 3, Feb 1997] | September 25, 2012 |
| TX0007617975 | Sonic the Hedgehog Buddy "Tail's". [Published: 1995-08-17. Issue: no. 1, Dec 1995] | September 25, 2012 |
| TX0007617973 | Sonic the Hedgehog Buddy "Tail's". [Published: 1995-09-26. Issue: no. 2, Jan 1996] | September 25, 2012 |
| TX0007617970 | Sonic the Hedgehog Buddy "Tail's". [Published: 1995-10-31. Issue: no. 3, Feb 1996] | September 25, 2012 |
| TX0007609679 | Sonic the Hedgehog Presents "Princess Sally". [Published: 1995-04-12. Issue: no. 1, April, 1995] | September 25, 2012 |
| TX0007609635 | Sonic the Hedgehog Presents "Princess Sally". [Published: 1995-05-23. Issue: no. 2, May 1995] | September 25, 2012 |
| TX0007609608 | Sonic the Hedgehog Presents "Princess Sally". [Published: 1995-06-25. Issue: no. 3, June 1995] | September 25, 2012 |
| TX0007604909 | SONIC X. [Published: 2008-03-10. Issue: no. 30, 03/10/2008] | September 24, 2012 |
| TX0007604907 | SONIC X. [Published: 2008-03-26. Issue: no. 31, 03/26/2008] | September 24, 2012 |
| TX0007604905 | SONIC X. [Published: 2008-04-23. Issue: no. 32, 04/23/2008] | September 24, 2012 |
| TX0007604904 | SONIC X. [Published: 2008-05-28. Issue: no. 33, 05/28/2008] | September 24, 2012 |
| TX0007604903 | SONIC X. [Published: 2008-06-25. Issue: no. 34, 06/25/2008] | September 24, 2012 |
| TX0007604877 | SONIC X. [Published: 2008-07-23. Issue: no. 35, 07/23/2008] | September 24, 2012 |
| TX0007604398 | SONIC X. [Published: 2008-08-27. Issue: no. 36, 08/27/2008] | September 24, 2012 |
| TX0007604138 | SONIC X. [Published: 2008-09-24. Issue: no. 37, 09/24/2008] | September 24, 2012 |
| TX0007604076 | SONIC X. [Published: 2008-10-22. Issue: no. 38, 10/22/2008] | September 24, 2012 |
| TX0007603702 | SONIC X. [Published: 2008-11-26. Issue: no. 39, 11/26/2008] | September 24, 2012 |
| TX0007602871 | SONIC X. [Published: 2008-12-24. Issue: no. 40, 12/24/08] | September 24, 2012 |
| TX0007604911 | SONIC X. [Published: 2005-09-07. Issue: no. 1, Nov 2005] | September 19, 2012 |
| TX0007604912 | SONIC X. [Published: 2007-02-09. Issue: no. 16, Mar 2007] | September 19, 2012 |
| TX0007605207 | SONIC X. [Published: 2007-03-16. Issue: no. 17, April 2007] | September 19, 2012 |

3

| TX0007605212 | SONIC X. [Published: 2007-04-13. Issue: no. 18, May 2007] | September 19, 2012 |
|---|---|---|
| TX0007605218 | SONIC X. [Published: 2007-05-03. Issue: no. 19, June 2007] | September 19, 2012 |
| TX0007617976 | SONIC X. [Published: 2007-05-31. Issue: no. 20, July 2007] | September 19, 2012 |
| TX0007605216 | SONIC X. [Published: 2007-07-02. Issue: no. 21, Aug 2007] | September 19, 2012 |
| TX0007605214 | SONIC X. [Published: 2007-07-30. Issue: no. 22, Sept 2007] | September 19, 2012 |
| TX0007605119 | SONIC X. [Published: 2007-08-27. Issue: no. 23, Oct 2007] | September 19, 2012 |
| TX0007605116 | SONIC X. [Published: 2007-09-24. Issue: no. 24, Nov 2007] | September 19, 2012 |
| TX0007604938 | SONIC X. [Published: 2007-10-22. Issue: no. 25, Dec 2007] | September 19, 2012 |
| TX0007604930 | SONIC X. [Published: 2007-11-07. Issue: no. 26, Jan 2008] | September 19, 2012 |
| TX0007604928 | SONIC X. [Published: 2007-12-17. Issue: no. 27, Feb 2008] | September 19, 2012 |
| TX0007604925 | SONIC X. [Published: 2008-01-14. Issue: no. 28, Mar 2008] | September 19, 2012 |
| TX0007604921 | SONIC X. [Published: 2008-02-11. Issue: no. 29, Mar 2008] | September 19, 2012 |
| TX0007617978 | SONIC X. [Published: 2005-10-05. Issue: no. 2, Dec 2005] | September 17, 2012 |
| TX0007605205 | SONIC X. [Published: 2005-11-02. Issue: no. 3, Jan 2006] | September 17, 2012 |
| TX0007605203 | SONIC X. [Published: 2005-11-30. Issue: no. 4, Feb 2006] | September 17, 2012 |
| TX0007605201 | SONIC X. [Published: 2006-01-25. Issue: no. 5, April 2006] | September 17, 2012 |
| TX0007605184 | SONIC X. [Published: 2006-02-22. Issue: no. 6, May 2006] | September 17, 2012 |
| TX0007605180 | SONIC X. [Published: 2006-03-22. Issue: no. 7, June 2006] | September 17, 2012 |
| TX0007605172 | SONIC X. [Published: 2006-04-19. Issue: no. 8, July 2006] | September 17, 2012 |
| TX0007605168 | SONIC X. [Published: 2006-06-28. Issue: no. 10, Aug 2006] | September 17, 2012 |
| TX0007604931 | SONIC X. [Published: 2006-06-28. Issue: no. 9, July 2006] | September 17, 2012 |
| TX0007604940 | SONIC X. [Published: 2006-07-22. Issue: no. 12, Nov 2006] | September 17, 2012 |
| TX0007605164 | SONIC X. [Published: 2006-07-26. Issue: no. 11, Sept 2006] | September 17, 2012 |

| | SONIC X. [Published: 2006-10-25. Issue: no. 13, Dec 2006] | September 17, 2012 |
|---|---|---|
| TX0007605175 | | |
| TX0007604935 | SONIC X. [Published: 2006-11-01. Issue: no. 14, Jan 2006] | September 17, 2012 |
| TX0007604933 | SONIC X. [Published: 2006-12-13. Issue: no. 15, Feb 2007] | September 17, 2012 |
| TX0007563319 | SONIC SUPER SPECIAL. [Published: 1997-04-29. Issue: no. 1, 4/29/1997] | July 13, 2012 |
| TX0007563317 | SONIC SUPER SPECIAL. [Published: 1997-08-19. Issue: no. 2, 8/19/1997] | July 13, 2012 |
| TX0007563313 | SONIC SUPER SPECIAL. [Published: 1997-10-21. Issue: no. 3, 10/21/1997] | July 13, 2012 |
| TX0007563302 | SONIC SUPER SPECIAL. [Published: 1997-12-30. Issue: no. 4, 1998] | July 13, 2012 |
| TX0007563180 | SONIC SUPER SPECIAL. [Published: 1998-03-17. Issue: no. 5, 3/17/1998] | July 13, 2012 |
| TX0007563178 | SONIC SUPER SPECIAL. [Published: 1998-06-16. Issue: no. 6, 6/16/1998] | July 13, 2012 |
| TX0007563175 | SONIC SUPER SPECIAL. [Published: 1998-09-29. Issue: no. 7, 9/29/1998] | July 13, 2012 |
| TX0007562833 | SONIC SUPER SPECIAL. [Published: 1999-03-16. Issue: no. 9, 3-16-99] | July 13, 2012 |
| TX0007562829 | SONIC SUPER SPECIAL. [Published: 1999-06-15. Issue: no. 10, 6/15/1999] | July 13, 2012 |
| TX0007562822 | SONIC SUPER SPECIAL. [Published: 1999-09-21. Issue: no. 11, 9/21/1999] | July 13, 2012 |
| TX0007562838 | SONIC SUPER SPECIAL. [Published: 1999-12-29. Issue: no. 8, 12/29/1999] | July 13, 2012 |
| TX0007562818 | SONIC SUPER SPECIAL. [Published: 2000-01-04. Issue: no. 12, 1/4/00] | July 13, 2012 |
| TX0007562815 | SONIC SUPER SPECIAL. [Published: 2000-01-04. Issue: no. 13, 01/04/2000] | July 13, 2012 |
| TX0007562811 | SONIC SUPER SPECIAL. [Published: 2000-06-01. Issue: no. 14, 06/01/2000] | July 13, 2012 |
| TX0007562780 | SONIC SUPER SPECIAL. [Published: 2000-11-01. Issue: no. 15, Feb 2001] | July 13, 2012 |
| PAu003353780 | Sonic Unleashed Video Excerpts and Screenshots. | August 20, 2008 |
| PA0000783698 | The adventures of Sonic the Hedgehog : no. 238-101. | February 8, 1996 |
| PA0000783697 | The adventures of Sonic the Hedgehog : no. 238-102. | February 8, 1996 |
| PA0000783696 | The adventures of Sonic the Hedgehog : no. 238-103 | February 8, 1996 |
| PA0000783767 | The adventures of Sonic the Hedgehog : no. 238-104, Sloww going. | February 8, 1996 |
| PA0000783769 | The adventures of Sonic the Hedgehog : no. 238-105, High stakes Sonic. | February 8, 1996 |

| | | |
|---|---|---|
| PA0000783766 | The adventures of Sonic the Hedgehog : no. 238-106, Sonic breakout. | February 8, 1996 |
| PA0000783765 | The adventures of Sonic the Hedgehog : no. 238-107, Trail of the missing... | February 8, 1996 |
| PA0000783740 | The adventures of Sonic the Hedgehog : no. 238-108. | February 8, 1996 |
| PA0000783739 | The adventures of Sonic the Hedgehog : no. 238-109. | February 8, 1996 |
| PA0000783760 | The adventures of Sonic the Hedgehog : no. 238-110, King Coconuts. | February 8, 1996 |
| PA0000791347 | The adventures of Sonic the Hedgehog : no. 238-111. | February 8, 1996 |
| PA0000791349 | The adventures of Sonic the Hedgehog : no. 238-112. | February 8, 1996 |
| PA0000791345 | The adventures of Sonic the Hedgehog : no. 238-113. | February 8, 1996 |
| PA0000791344 | The adventures of Sonic the Hedgehog : no. 238-114. | February 8, 1996 |
| PA0000791340 | The adventures of Sonic the Hedgehog : no. 238-115. | February 8, 1996 |
| PA0000791339 | The adventures of Sonic the Hedgehog : no. 238-116. | February 8, 1996 |
| PA0000791341 | The adventures of Sonic the Hedgehog : no. 238-117. | February 8, 1996 |
| PA0000791342 | The adventures of Sonic the Hedgehog : no. 238-118. | February 8, 1996 |
| PA0000777971 | The adventures of Sonic, the hedgehog : no. 238-137. | February 8, 1996 |
| PA0000777973 | The adventures of Sonic, the hedgehog : no. 238-138. | February 8, 1996 |
| PA0000777970 | The adventures of Sonic, the hedgehog : no. 238-139. | February 8, 1996 |
| PA0000778054 | The adventures of Sonic the Hedgehog : no. 238-140. | February 8, 1996 |
| PA0000778058 | The adventures of Sonic the Hedgehog : no. 238-141. | February 8, 1996 |
| PA0000778060 | The adventures of Sonic the Hedgehog : no. 238-142. | February 8, 1996 |
| PA0000778056 | The adventures of Sonic the Hedgehog : no. 238-143. | February 8, 1996 |
| PA0000777968 | The adventures of Sonic, the hedgehog : no. 238-144. | February 8, 1996 |
| PA0000777967 | The adventures of Sonic, the hedgehog : no. 238-145. | February 8, 1996 |
| PA0000778055 | The adventures of Sonic the Hedgehog : no. 238-146. | February 8, 1996 |
| PA0000778061 | The adventures of Sonic the Hedgehog : no. 238-147. | February 8, 1996 |
| PA0000777966 | The adventures of Sonic, the hedgehog : no. 238-148. | February 8, 1996 |
| PA0000777965 | The adventures of Sonic, the hedgehog : no. 238-149. | February 8, 1996 |
| PA0000778053 | The adventures of Sonic the Hedgehog : no. 238-150. | February 8, 1996 |
| PA0000777972 | The adventures of Sonic, the hedgehog : no. 238-151. | February 8, 1996 |
| PA0000778062 | The adventures of Sonic the Hedgehog : no. 238-152. | February 8, 1996 |
| PA0000778059 | The adventures of Sonic the Hedgehog : no. 238-153. | February 8, 1996 |
| PA0000778057 | The adventures of Sonic the Hedgehog : no. 238-154. | February 8, 1996 |
| PA0000783699 | The adventures of Sonic the Hedgehog : no. 238-155. | February 8, 1996 |
| PA0000783700 | The adventures of Sonic the Hedgehog : no. 238-156. | February 8, 1996 |
| PA0000783706 | The adventures of Sonic the Hedgehog : no. 238-157. | February 8, 1996 |
| PA0000783702 | The adventures of Sonic the Hedgehog : no. 238-158. | February 8, 1996 |
| PA0000783701 | The adventures of Sonic the Hedgehog : no. 238-159. | February 8, 1996 |
| PA0000783705 | The adventures of Sonic the Hedgehog : no. 238-160. | February 8, 1996 |

| PA0000783761 | The adventures of Sonic the Hedgehog : no. 238-161, 48 hour sonic : a.k.a. Fat & easy. | February 8, 1996 |
|---|---|---|
| PA0000783764 | The adventures of Sonic the Hedgehog : no. 238-162, Lifestyles of the sick and twisted. | February 8, 1996 |
| PA0000783763 | The adventures of Sonic the Hedgehog : no. 238-163, Sonic is running. | February 8, 1996 |
| PA0000783762 | The adventures of Sonic the Hedgehog : no. 238-164, Roboninjas. | February 8, 1996 |
| PA0000791361 | The adventures of Sonic, the hedgehog : no. 238-165. | February 8, 1996 |
| PA0000791242 | The adventures of Sonic the Hedgehog : no. 238-119, Mystery of the missing... | February 7, 1996 |
| PA0000791233 | The adventures of Sonic the Hedgehog : no. 238-120, Goodbye sucker. | February 7, 1996 |
| PA0000791232 | The adventures of Sonic the Hedgehog : no. 238-121, Sonic getstrashed. | February 7, 1996 |
| PA0000791231 | The adventures of Sonic the Hedgehog : no. 238-122, Pseudo Sonic. | February 7, 1996 |
| PA0000777969 | The adventures of Sonic, the hedgehog : no. 238-123. | February 7, 1996 |
| PA0000791230 | The adventures of Sonic the Hedgehog : no. 238-124, Tails in charge. | February 7, 1996 |
| PA0000791229 | The adventures of Sonic the Hedgehog : no. 238-125, Sno problem. | February 7, 1996 |
| PA0000777963 | The adventures of Sonic, the hedgehog : no. 238-126. | February 7, 1996 |
| PA0000791228 | The adventures of Sonic the Hedgehog : no. 238-127, Dream on. | February 7, 1996 |
| PA0000791234 | The adventures of Sonic the Hedgehog : no. 238-128, Musta ... beautiful baby. | February 7, 1996 |
| PA0000772425 | The adventures of Sonic, the hedgehog : no. 238-129. | February 7, 1996 |
| PA0000791243 | The adventures of Sonic the Hedgehog : no. 238-130, Full tilt tails. | February 7, 1996 |
| PA0000791244 | The adventures of Sonic the Hedgehog : no. 238-131, MacHopper. | February 7, 1996 |
| PA0000772426 | The adventures of Sonic the Hedgehog : no. 238-132. | February 7, 1996 |
| PA0000777964 | The adventures of Sonic, the hedgehog : no. 238-133. | February 7, 1996 |
| PA0000772423 | The adventures of Sonic, the hedgehog : no. 238-134. | February 7, 1996 |
| PA0000772427 | The adventures of Sonic the Hedgehog : no. 238-135. | February 7, 1996 |
| PA0000791227 | The adventures of Sonic the Hedgehog : no. 238-136, Robotnik's rival. | February 7, 1996 |
| PA0000659981 | Sonic the hedgehog 3 | June 22, 1994 |
| PA0000659929 | Sonic the hedgehog | March 7, 1994 |
| TXu000593150 | Sonic spinball. | November 3, 1993 |
| PA0000602981 | Sonic the hedgehog 2 | November 12, 1992 |

The Sega Trademarks are in the table below:

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 3,009,472 | SONIC THE HEDGEHOG | Oct. 25, 2005 | For: Video game software in class 009. |
| 4,673,369 | SONIC THE HEDGEHOG | Jan. 20, 2015 | For: Key rings of precious metals; badges of precious metal; wristwatches; watches; clocks in class 014.<br><br>For: Printed matter, namely, books, magazines and newsletters featuring animation, video games, computer games, arcade games, posters; comic books; note books in class 016.<br><br>For: Bags, namely, backpacks, shoulder bags in class 018.<br><br>For: Picture frames in class 020.<br><br>For: Cups; bottles, sold empty in class 021.<br><br>For: Quilts; quilt covers; pillowcases; bed blankets in class 024.<br><br>For: Clothing, namely, t-Shirts, shirts, socks, underwear, sweaters, parkas, head wear, pajamas; shoes in class 025.<br><br>For: Amusement game machines and coin-operated amusement machines for use in amusement parks; toys, namely, electronic action toys, inflatable toys, |

| | | | mechanical action toys puzzles, toy building blocks, board games; action figures; electronic action toys; dolls; stuffed toys; playing cards; sports equipment, namely, skateboards in class 028.<br><br>For: Confectionery made of sugar; ice cream in class 030.<br><br>For: Carbonated soft drinks; non-alcoholic beverages, namely, fruit-flavored soft drinks and soda water in class 032. |
|---|---|---|---|
| 6,358,553 | SONIC THE HEDGEHOG | May 25, 2021 | For: Recorded videotapes and videodiscs featuring animation, action, adventure and comedy films; downloadable films and movies featuring animation, action, adventure and comedy provided via a video-on-demand service; motion picture films featuring animation, action, adventure and comedy; downloadable graphics for computers, video game machines and mobile phones featuring scenes and characters based on animated cartoons, computer games and video games; electronic publications, namely, downloadable electronic books and magazines in the field of motion pictures, cartoons, music, computer games and video games; phonograph records featuring music; downloadable music files via a global computer network and wireless devices; recorded compact discs featuring music, video game sounds and dialogues; compact |

| | | | discs, prerecorded audio tapes, and downloadable files featuring musical sound recordings; mobile phone straps; protective cases for cell phones; downloadable computer game programs; recorded computer game programs; downloadable computer game software; recorded computer game software; downloadable video game software; recorded video game software; downloadable video game programs; recorded video game programs; video game discs and cartridges; downloadable computer game software for use on mobile and cellular phones in class 009. |
|---|---|---|---|
| 3,584,384 | SONIC UNLEASHED | Mar. 03, 2008 | For: Video game software in class 009. |
| 5,024,565 | SONIC RUNNERS | Aug. 23, 2016 | For: Computer game programs; computer game software; computer game software for use on mobile and cellular phones; mobile phone straps; protective cases for cell phones in class 009. <br><br> For: Entertainment services, namely, providing on-line video games and on-line computer games; providing information on on-line games; providing amusement facilities in class 041. |
| 5,268,608 | SONIC MANIA | Aug. 22, 2017 | For: Computer game programs; computer game software; video game software; video game programs; video game discs and video game cartridges; computer game software for use on mobile and cellular phones; mobile phone |

| | | | straps; protective cases for cell phones; downloadable graphics, images and moving images for computers, video game machines or mobile phones featuring scenes and characters based on computer and video games; downloadable computer and video game software; downloadable music files via a global computer network and wireless devices; sound recorded compact discs featuring music, video game sounds and dialogues; musical sound recordings; prerecorded video discs and tapes featuring music, comedy, drama, action, adventure and animation; electronic publications, namely, downloadable books and magazine s in the field of computer games, video games, cartoons and music; phonograph records featuring music in class 009.<br><br>For: Entertainment services, namely, providing on-line video games and on-line computer games; providing amusement facilities; providing amusement arcade services; providing amusement parks; organization, production and presentation of video and computer game contests and tournaments in class 041. |
|---|---|---|---|
| 5,619,845 | SONIC BOOM | Dec. 4, 2018 | For: Computer game programs for home video consoles; electronic circuits, magnetic computer tapes and disks, optical disks, ROM cartridges and other recording media, namely, computer cartridges |

|  |  |  | and computer cassettes, all containing video game programs for use with home video game consoles; electronic circuits, magnetic computer tapes and disks, optical disks, ROM cartridges and other recording media, namely, computer cartridges and computer cassettes, all containing video game programs for use with hand-held games with liquid crystal displays; video game software for home video game consoles; telecommunication machines and apparatus, namely, cellular phones and mobile phones; straps for mobile phones; computers; computer game programs; electronic circuits, magnetic computer tapes and disks, optical disks, ROM cartridges containing computer game programs; computer software for children's education; computer application software for mobile phones, namely, game software; computer game software; computer software for computer system management; computer programs for arcade video game machines; electronic circuits, magnetic computer tapes and disks, optical disks, ROM cartridges and other recording media, namely, computer cartridges and cassettes, all containing video game programs for use with arcade video game machines; game software for arcade video game machines; video game program; video game software; phonograph |
|--|--|--|--|

<table>
<tr><td></td><td></td><td></td><td>

records featuring music; downloadable music files; downloadable music files for mobile telephones and tablet computers; recorded compact discs featuring music, animated cartoons; downloadable image files in the field of computer games, video games and animated cartoons; downloadable image files, namely, downloadable moving image files for mobile terminals, in the field of computer games, video games and animated cartoons; recorded video discs and video tapes featuring movies, cartoons, video games; videotapes and videodiscs recorded with animation; downloadable electronic publications, namely, books, comic books, magazines and manuals featuring computer games, video games and animated cartoons in class 009.

For: Pastes and other adhesives for stationery or household purposes; hygienic hand towels of paper, namely, wet tissue; paper towels; table napkins of paper; hand towels of paper; handkerchiefs of paper; stationery; seals; stickers; printed matter, namely, comic books, video game instruction manuals, children's books, children's activity books, songbooks, children's magazines, magazines and pamphlets featuring information and articles about fashion and games; pictorial prints; picture books; catalogues in the field of

</td></tr>
</table>

<table>
<tr><td></td><td></td><td></td><td>computer games, video games and animated cartoons; calendars; trading cards; paintings and calligraphic works; printed photographs; photograph stands in class 016.

For: Clothing for domestic pets; bags, namely, athletic bags, all-purpose sports bags and beach bags; pouches, namely, felt pouches, leather pouches and key pouches; Boston bags; rucksacks; card cases, namely, credit card cases, name card cases and game card cases; key cases; purses; commutation-ticket holders, namely, wallets, document cases, ticket pouches; business card cases; unfitted vanity cases sold empty; umbrellas and their parts; walking sticks; canes; metal parts of canes and walking-sticks; walking cane handles and walking stick handles; saddlery in class 018.

For: Non-metal locks; cushions; Japanese floor cushions (zabuton); pillows; mattresses; nameplates and door nameplates, not of metal; hand-held flat fans; hand-held folding fans; furniture; wind chimes; plastic keychains with a small doll attached; plastic key tags with a small doll attached in class 020.

For: Plastic handheld shopping baskets; cosmetic and toilet utensils; toothbrushes; hair brushes;</td></tr>
</table>

toilet cases, namely, toilet brush holder; kitchen utensils, namely, batter dispenser, grill covers, barbeque branders and grates; kitchen containers, namely, kitchen containers, containers for household or kitchen user of precious metal and non-electric kitchen containers not made of precious metal; non-electric cooking pots and pans; non-electric coffee-pots; Japanese cast iron kettles, non-electric (tetsubin); non-electric kettles; tableware, other than knives, forks and spoons, namely, coffee services, tea services; drinking cups; dishes; Japanese rice bowls (chawan); lunch boxes; Japanese style tea cups (yunomi); Japanese style soup serving bowls (wan); non-electric portable coldboxes; rice chests; food preserving jars of glass; drinking flasks; vacuum bottles; piggy banks in class 021.

For: Towels; Japanese cotton towels (tenugui); handkerchiefs; mosquito nets; bedsheets; futon quilts; fitted futon covers not of paper, unfitted futon covers not of paper; quilt covers; futon ticksticks, namely, unstuffed futon covers not of paper; pillowcases; blankets, namely, lap blankets, bed blankets and baby blankets; table napkins of textile; dish cloths; shower curtains; banners and flags of textile; seat covers of textile, namely, fitted toilet seat covers of textile, unfitted seat covers of textile; wall hangings

| | | | of textile; curtains; table cloths not of paper; draperies in the nature of thick drop curtains in class 024.<br><br>For: Lottery tickets; amusement game machines and apparatus, namely, coin-operated amusement machines for use in amusement parks; arcade video game machines other than for use with television receivers; coin, card or counter operated electronic arcade-type video games and amusement apparatus adapted for use with an external display screen or monitor, amusement apparatus incorporating a video monitor; arcade medal redemption game machines, namely, arcade redemption game machines which dispenses tickets or the like to successful players; arcade ticket redemption game machines, namely, arcade redemption game machines which dispenses tickets or the like to successful players; arcade game machines other than for use with television receivers; coin, card or counter operated electronic arcade-type video games and amusement apparatus, namely, amusement apparatus adapted for use with an external display screen or monitor; fairground ride apparatus, namely, amusement park rides; home video game machines; hand-held games with liquid crystal displays; toys, namely, rubber character toys, plastic character toys, wooden character toys, electronic character |
|---|---|---|---|

<table>
<tr><td></td><td></td><td></td><td>

toys, educational character toys, party favors in the nature of small toys; squeeze toys; dolls; stuffed toys; action figures; puzzles; jigsaw puzzles; cards, namely, game cards; trading card games; go games; Japanese playing cards, namely, utagaruta; Japanese chess (shogi games); dice; Japanese dice games (sugoroku); dice cups; Chinese checkers as games; chess games; checkers; checker sets; conjuring apparatus, namely, magic tricks; dominoes; playing cards; Japanese playing cards (hanafuda); mah-jong; game machines and apparatus, namely, coin-operated video games; billiard equipment; darts equipment, namely, darts, dart shafts, dart boards; digital darts equipment, namely, electronic dart game; slot machines; sports equipment, namely, baseball bats, baseball gloves and baseball batting helmets, soccer balls, basketballs, hockey skates, skis in class 028.

For: Tea; coffee; cocoa; confectionery, namely, confectionery made of sugar, confectionery, namely, pastilles, fondants, fruit jellies candy, chocolate, popcorn and chewing gum; bread and buns; sandwiches; steamed buns stuffed with minced meat (niku-manjuh); hamburger sandwiches; pizzas; hot dog sandwiches; meat pies; ice cream; pasta, macaroni, oatmeal, flakes, namely, corn flakes, oat flakes,

</td></tr>
</table>

17

|  |  |  | maize flakes; pastry; bread; Chinese stuffed dumplings (gyoza, cooked); Chinese steamed dumplings (shumai, cooked); sushi; fried balls of batter mix with small pieces of octopus, namely, takoyaki; boxed lunches consisting primarily of rice, with added meat, fish or vegetables; ravioli; instant confectionery mixes, namely, instant pudding mix, cake mixes, sherbet mixes and ice cream mixes; crepes; pasta sauce; biscuits; cookies in class 030.

For: Carbonated drinks, namely, carbonated soft drinks; fruit juices; vegetable juices; whey beverages in class 032.

For: Providing non-downloadable electronic publications in the nature of magazines, newsletters, picture books and comic books in the field of computer games, video games and animated cartoons; services of reference libraries for literature and documentary records; book rental; providing on-line electronic publications via internet or database including websites in the nature of magazines, news letters, picture books and comic books in the field of computer games, video games and animated cartoons; planning or arrangement of showing movies, live show performances, plays or musical performances; movie showing, movie film production, or movie film distribution; providing on-line images, movies, moving |
|--|--|--|--|

| | | | images and graphics in the field of computer games, video games and animated cartoons; providing on-line images, movies, moving images and graphics by computer terminals or mobile phones; entertainment in the form of non-downloadable images relating to fictional characters from books, animation, toys and games; direction or presentation of plays; providing on-line music, not downloadable, via computer terminals or mobile phones; organization of game tournaments; entertainment services, namely, providing amusement park rides in the nature of bumper car ride and roller coaster ride; providing amusement facilities; providing amusement arcade services; providing amusement parks; providing on-line video games; providing on-line board games; providing on-line quizzes; providing information relating to on-line computer games; providing on-line computer games; providing information relating to providing on-line computer games; providing information, in websites offering on-line video games, consisting of the game scores achieved by players of the games on the website and the rankings of such players based on those scores; production of radio or television programs; television entertainment, namely, a continuing animated cartoons, variety, news, comedy show |
|---|---|---|---|

| | | | broadcast over television; production of radio and television programs; radio entertainment, namely, a continuing animated cartoons, variety, news, comedy show broadcast over the radio, radio entertainment production in class 041. |
|---|---|---|---|
| 2,892,207 |  | Oct. 12, 2004 | For: Video game software; computer game programs; computer game discs video computer game programs; home video computer game discs game discs containing game programs for use with hand-held video game machines with built-in screens; musical sound recordings; in class 009. |
| 4,366,529 |  | Jul. 16, 2013 | For: Computer game programs; computer game software; video game software; video game programs; video game discs and cartridges; computer game software for use on mobile and cellular phones; downloadable graphics and images featuring fictional characters or video games, and music via a global computer network; downloadable graphics and moving images for mobile phones featuring fictional characters or video games in class 009. |
| 3,972,721 |  | Jun. 7, 2011 | For: Computer game programs; video game software; video game programs in class 009. |

| 6,187,305 | SONIC RACING | Nov. 3, 2020 | For: Downloadable computer game programs; recorded computer game programs; downloadable computer game software; recorded computer game software; downloadable video game software; recorded video game software; downloadable video game programs; recorded video game programs; video game discs and cartridges; downloadable computer game software for use on mobile and cellular phones; mobile phone straps; protective cases for cell phones; downloadable graphics, images and moving images for computers, video game machines or mobile phones featuring scenes and characters based on computer and video games; downloadable computer game and video game software; downloadable music files via a global computer network and wireless devices; sound recorded compact discs featuring music, video game sounds and dialogues; compact discs, magnetic tapes, and downloadable files featuring musical sound recordings; prerecorded video discs and tapes featuring music, comedy, drama, action, adventure and animation; electronic publications, namely, downloadable books and magazines in the field of computer games, video games, cartoons and music; phonograph records featuring music in class 009.<br><br>For: Entertainment services, |

| | | | namely, providing on-line video games and on-line computer games; providing entertainment information on on-line games; providing non-downloadable on-line computer graphics, moving images and images featuring scenes and characters based on computer and video games by computer networks, video game machines or mobile phones; providing amusement facilities; providing amusement arcade services; providing amusement parks; organization, production and presentation of video and computer game contests and tournaments; providing entertainment information about amusement facilities; providing on-line music, not downloadable in class 041. |
|---|---|---|---|
| 6,263,485 | TEAM SONIC RACING | Feb. 9, 2021 | For: Downloadable computer game programs; recorded computer game programs; downloadable computer game software; recorded computer game software; downloadable video game software; recorded video game software; downloadable video game programs; recorded video game programs; video game discs and cartridges; downloadable computer game software for use on mobile and cellular phones; downloadable computer game and video game software in class 009.<br><br>For: Pastes and other adhesives for stationery or household purposes; hygienic hand towels of paper; table napkins of paper; hand towels |

<table>
<tr><td></td><td></td><td></td><td></td><td>of paper; handkerchiefs of paper; stationery; stickers; printed matter, namely, comic books, instruction manuals in the field of computer games and video games, children's books, children's activity books, songbooks, children's magazines and magazines in the field of computer games, video games, cartoons and music; picture books, reference books in the field of computer games, video games, cartoons and music; catalogues in the field of computer games, video games, cartoons and music; calendars; general feature magazines in the field of computer games, video games, cartoons and music; books, namely, coloring books, date books; pamphlets in the field of computer games, video games, cartoons and music; trading cards other than for games; printed instructional and teaching material in the field of computer games, video games, cartoons and music; photographs; photograph stands in class 016.<br><br>For: Clothing, namely, t-shirts, shirts, sweaters, sweatshirts, jackets, pajamas, coats, swimwear, mufflers as neck scarves, gloves, scarves, neck ties, socks, underwear, pants, jeans, shorts, skirts, underpants, robes; shoes; boots; footwear; beach shoes; galoshes; half-boots; lace boots; sandals; sneaker; sports shoes; wooden shoes; heels, namely, high-</td></tr>
</table>

| | | | | heel shoes; masquerade costumes; play costumes, namely, costumes for use in children's dress up play, costumes for use in role-playing games; clothes for sports, namely, sports jerseys and breeches for sports; boots for sports; headwear, namely, hats and caps in class 025.

For: Coin-operated video games; arcade game machines; arcade video game machines; amusement game machines with built-in screens; toy vehicles; dolls; stuffed toys; toy action figures; trading card games; playing cards; arcade redemption game machines which dispense tickets or tokens to successful players; arcade crane game machines which dispense tickets or tokens to successful players; gaming machines, namely, slot machines in class 028.

For: Tea; prepared coffee and coffee-based beverages; prepared cocoa and cocoa-based beverages; almond confectionery, namely, almond cookies, chocolate confectionery, namely, chocolate mousses, chocolate cakes and chocolate chips, confectionery fondants, namely, rolled fondant, confectionery fruits jellies, namely, fruit jelly candy, confectionery fruits pastes, namely, fruit paste for flavoring of food, peanut confectionery, namely, peanut brittle and peanut butter confectionery chips, fruits-based |
|---|---|---|---|---|

| | | | confectionery, namely, fruit coulis, fruit turnovers and fruit cobblers; bread and buns; sandwiches; hamburgers sandwiches; pizzas; hot dog sandwiches; meat pies; ice cream; preparations made from cereals, namely, cereal-based snack bars; sushi; ravioli; instant confectionery mixes, namely, cappuccino mixes, hot chocolate mixes and biscuit mixes; crepes; pasta sauce; biscuits; cookies in class 030.<br><br>For: Beer; fruit-flavored carbonated drinks; fruit juices; vegetable juices; extracts of hops for making beer; whey beverages in class 032.<br><br>For: Entertainment services, namely, providing on-line video games and on-line computer games; organization, production and presentation of video and computer game contests and tournaments in class 041. |
|---|---|---|---|
| 7,002,602 | SONIC PRIME | Mar. 21, 2023 | For: Downloadable computer game programs; recorded computer game programs; downloadable computer game software; recorded computer game software; downloadable video game software; recorded video game software; downloadable video game programs; recorded video game programs; video game discs and cartridges; downloadable computer game software for use on mobile and cellular phones; mobile phone straps; protective cases for cell phones; downloadable |

|  |  |  | graphics, images, and video recordings for computers, video game machines and mobile phones featuring scenes and characters based on computer and video games; downloadable computer game and video game software; downloadable music files via a global computer network and wireless devices; sound recordings recorded on compact discs featuring music, video game sounds and dialogues; prerecorded compact discs, magnetic audio tapes, and downloadable files featuring music; prerecorded video discs and magnetic audio tapes featuring music, comedy, drama, action, adventure and animation; electronic publications, namely, downloadable books and magazines in the field of computer games, video games, cartoons and music; phonograph records featuring music; animated cartoons, namely, videotapes and videodiscs recorded with animation; downloadable electronic publications in the nature of books, manuals, catalogs, pamphlets, and magazines in the field of computer games, video games, cartoons and music; pedometers; scales; bathroom scales in class 009.

For: Pastes and other adhesives for stationery or household purposes; hygienic hand towels of paper; towels of paper; table napkins of paper; hand towels of paper; handkerchiefs of paper; stationery; |

|  |  |  |  | seals being stationery; stickers being stationery; blank notepads; decorative stickers for portable game machines; printed instruction manuals in the field of computer games, video games, cartoons and music; printed picture books; printed reference books in the field of computer games, video games, cartoons and music; printed catalogues in the field of computer games, video games, cartoons and music; printed calendars; printed magazine publications in the field of computer games, video games, cartoons and music; printed books in the field of computer games, video games, cartoons and music; printed pamphlets in the field of computer games, video games, cartoons and music; printed trading cards, other than for games; printed game hint books and manuals; printed photographs; photograph stands in class 016.

For: Clothing for domestic pets; bags, namely, carry-on bags; shoulder bags; school bags; traveling bags; pouches of leather; boston bags; rucksacks; key cases; wallets; credit card cases; vanity cases, not fitted; umbrellas and their parts; walking sticks; canes; metal parts of canes and walking-sticks; handles for canes and walking-sticks; saddlery in class 018.

For: Clothing, namely, t-shirts, shirts, sweaters, sweatshirts, |

|  |  |  |  | jackets, pajamas, coats, swimwear, mufflers, gloves, scarves, neck ties, socks, underwear, pants, jeans, shorts, skirts, underpants, robes; footwear; beach shoes; boots; galoshes; half-boots; lace boots; sandals; sneakers; shoes; sports shoes; wooden shoes; high-heeled shoes; masquerade costumes; play costumes, namely, costumes for use in children's dress up play, costumes for use in role-playing games; clothes for sports namely, sports jerseys and breeches for sports; boots for sports; headwear, namely hats and caps in class 025.<br><br>For: Toy vehicles; dolls; plush dolls; stuffed toys; toy action figures; toy for pets; toy jewelry; bath toys; electronic action toys; plastic character toys; children's educational toys for developing cognitive skills; construction toys; puzzles; children's multiple activity toys; toy building sets comprised of toy building blocks; novelty toy face masks; trading card games; playing cards; coin-operated video games; arcade game machines; arcade video game machines; amusement game machines with built-in screens; arcade redemption game machines which dispense tickets or tokens to successful players; arcade crane game machines which dispense tickets or tokens to successful players in class 028. |

For: Tea; prepared coffee and coffee-based beverages; prepared cocoa and cocoa-based beverages; almond confectionery, namely, cookies; chocolate confectionery; confectionery fondants; confectionery fruit jellies, namely, fruit jelly candy; confectionery fruit pastes for flavouring of food; peanut confectionery, namely, peanut brittle and peanut butter confectionery chips; fruit-based confectionery, namely, hollow candy forms filled with fruit; bread and buns; steamed buns stuffed with minced meat; meat pies; ice cream; cereal preparations,, namely, cereal-based snack bars; Chinese stuffed dumplings; Chinese steamed dumplings; sushi; pre-packaged boxed lunches consisting of rice, with added meat, fish or vegetables; ravioli; instant confectionery mixes,, namely, cappuccino mixes, hot chocolate mixes, cocoa mixes, cake mixes, cookie mixes, pastry mixes, crepe mixes, mixes for bakery goods, biscuit mixes, instant pudding mixes, mixes for candy making, frosting mixes, frozen yogurt mixes, pre-processed mixes for making non-dairy frozen confections; crepes; pasta sauce; biscuits; cookies in class 030.

For: Entertainment services, namely, providing on-line video games and on-line computer games; providing information on on-line

|  |  |  | games; providing non-downloadable on-line computer graphics, videos and images featuring scenes and characters based on computer and video games by computer networks, video game machines or mobile phones; providing amusement facilities; organization, production and presentation of video and computer game events; arranging and conducting of video game and computer game events for entertainment purposes; organization or arrangement of game tournaments; providing information about amusement facilities; providing on-line music, not downloadable; providing electronic publications in the nature of books, manuals, catalogs, pamphlets, and magazines in the field of computer games, video games, cartoons and music; services of reference libraries for literature and documentary records; book rental; planning, management or arrangement of showing movies, theatrical shows, plays or musical performances; providing information relating to planning, management or arrangement of showing movies, theatrical shows, plays or musical performances; movie showing, movie film production, or movie film distribution; providing information relating to providing on-line graphics, movies showing, moving images, images, music and |
|---|---|---|---|

|  |  |  | publishing of electronic publications; providing on-line graphics, movies showing, moving images, images, music and text information by computer terminals or mobile phones; providing information relating to providing on-line graphics, movies showing, moving images, images, music and publishing of electronic publications by computer terminals or mobile phones; providing on-line graphic novels, not downloadable, relating to characters of books, animated cartoons, toys, games; images showing; presentation of live show performances; direction or presentation of theatrical plays; presentation of musical performances; on-line presentation of shows, theatrical plays or musical performances; providing information relating to on-line presentation of shows, theatrical plays or musical performances; provision of shows, theatrical plays or musical performances by computer terminals or mobile phones; providing information relating to provision of shows, theatrical plays or musical performances by computer terminals or mobile phones; production of theatrical shows; production of live theatrical and musical shows; presentation of musical performances, direction or presentation of theatrical plays and presentation of musical performances provided on-line |
|--|--|--|--|

| | | | | |
|---|---|---|---|---|
| | | | | from a computer network; production of moving images and music using the internet via streaming; production of moving images and music relating to animated cartoons using the internet via streaming; on-line production of radio or television programs; production of radio or television programs and production of broadcast programs, using computer graphics; directing of radio and television programs; providing information relating to direction of radio and television programs; organization of sporting events; providing sports information; organization and provision of games and competitions via the internet; organization, arranging and conducting of computer game and video game tournaments; organization, arranging and conducting of photo sessions; providing information relating to sports and sporting events; organizing and conducting of sporting and cultural events; rental of game machines and apparatus; providing exercise facilities; rental of sports equipment; photography in class 041. |
| 1,566,116 | SEGA | | Nov. 14, 1989 | For: Video game attachments for television sets, namely, video game control sticks, video game programs recorded on integrated circuits in the form of cartridges and cards in class 028. |

| | | | |
|---|---|---|---|
| 6,039,333 | SEGA Goods | Apr. 28, 2020 | For: Coin-operated video games; arcade game machines; arcade video game machines; amusement game machines with built-in screens; toy vehicles; dolls; stuffed toys; toy action figures; trading card games; playing cards; arcade redemption game machines which dispense tickets or tokens to successful players; arcade crane game machines which dispense tickets or tokens to successful players; slot machines in class 028. |
| 2,315,166 | SEGA | Feb. 8, 2000 | For: Video game machines for use with televisions; electronic gaming machines; video game software; computer game software in class 009. |
| 3,245,697 | SEGA | May 29, 2007 | For: T-shirts; shirts in class 025. |
| 5,700,030 | SEGA HEROES | Mar. 19, 2019 | For: Computer game programs; computer game software; video game software; video game programs; video game discs and cartridges; computer game software for use on mobile and cellular phones; mobile phone straps; protective cases for cell phones; downloadable graphics, images and moving images for computers, video game machines or mobile phones featuring scenes and characters based on computer and video games; downloadable computer and video game software; downloadable music files via a global computer network and wireless devices; sound recorded compact discs featuring music, |

| | | | | |
|---|---|---|---|---|
| | | | | video game sounds and dialogues; musical sound recordings; prerecorded video discs and tapes featuring music, comedy, drama, action, adventure and animation; electronic publications, namely, downloadable books and magazines in the field of computer games, video games, cartoons and music; phonograph records featuring music in class 009.<br><br>For: Entertainment services, namely, providing on-line video games and on-line computer games; providing entertainment information on on-line games; providing non-downloadable on-line graphics, moving images and images featuring scenes and characters based on computer and video games by computer networks, video game machines or mobile phones; providing amusement facilities; providing amusement arcade services; providing amusement parks; organization, production and presentation of video and computer game contests and tournaments; providing entertainment information about amusement facilities; providing on-line music, not downloadable in class 041. |
| 3,491,509 | DREAMCAST | | Aug. 26, 2008 | For: Video game software, computer game programs in class 009. |
| 1,690,329 | GENESIS | | June 2, 1992 | For: Video output game machines; software for video output game machines; attachments for video |

| | | | | output game machines; namely, joystick controllers and joypad controllers; and carrying cases and storage containers for the foregoing in class 028. |
|---|---|---|---|
| 3,358,022 | SEGA GENESIS COLLECTION | Dec. 18, 2007 | For: Home video game software, video game software for hand-held game machines in class 009. |
| 3,713,204 | SONIC'S ULTIMATE GENESIS COLLECTION | Nov. 17, 2009 | For: Video game software in class 009. |
| 3,013,830 |  | Nov. 08, 2005 | For: Video game software in class 009. |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Sega has presented specific facts in the Declaration of Paul Varley [R. 13], paragraphs 31-36, and the Declaration of Martin F. Trainor [R. 12-1], paragraphs 2-4, in support of the Motion for Temporary Restraining Order and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1.  Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a.  using the Sega Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not Sega's genuine product or not authorized by Sega to be sold in connection with the Sega Trademarks;

    b.  reproducing, distributing copies of, making derivative works of, or publicly displaying the Sega Copyrighted Works in any manner without the express authorization of Sega;

    c.  passing off, inducing, or enabling others to sell or pass off any product as Sega's genuine product or any other product produced by Sega, that is not Sega's or not produced under the authorization, control, or supervision of Sega and approved by Sega for sale under the Sega Trademarks and/or Sega Copyrighted Works;

    d.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Sega, or are sponsored by, approved by, or otherwise connected with Sega;

    e.  further infringing the Sega Trademarks and/or Sega Copyrighted Works and damaging Sega's goodwill; and

    f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Sega, nor authorized by Sega to be sold or offered for sale, and which bear the Sega Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Sega Copyrighted Works.

2.    Upon Sega's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Seller Aliases, including, without limitation, any online marketplace platforms such as Alibaba Group

Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), and Walmart, Inc. ("Walmart"),
(collectively, the "Third-Party Providers"), shall, within seven (7) calendar days after
receipt of such notice, provide to Sega expedited discovery, limited to copies of all
documents and records in such person's or entity's possession or control relating sufficient
to determine:

a.  the identities and locations of Defendants, their affiliates, officers, agents, servants,
    employees, confederates, attorneys, and any persons acting in concert or participation
    with them, including all known contact information and all associated e-mail addresses;

b.  the nature of Defendants' operations and all associated sales, methods of payment for
    services and financial information, including, without limitation, identifying
    information associated with the Defendants' Seller Aliases and Defendants' financial
    accounts, as well as providing a full accounting of Defendants' sales and listing history
    related to their respective Seller Aliases; and

c.  any financial accounts owned or controlled by Defendants, including their affiliates,
    officers, agents, servants, employees, confederates, attorneys, and any persons acting
    in concert or participation with them, including such accounts residing with or under
    the control of any banks, savings and loan associations, payment processors or other
    financial institutions, including, without limitation, Alibaba, Alipay, Amazon, Amazon
    Pay, Ant Financial Services Group ("Ant Financial"), Payoneer Global, Inc.
    ("Payoneer"), PayPal, Inc. ("PayPal"), PingPong Global Solutions, Inc. ("PingPong"),
    Stripe, Inc. ("Stripe"), and Walmart, or other merchant account providers, payment
    providers, third party processors, and credit card associations (e.g., MasterCard and
    VISA).

3. Upon Sega's request, those with notice of the injunction, including the Third-Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Sega Trademarks and/or which bear the Sega Copyrighted Works.

4. Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third-Party Providers, including Alibaba, Alipay, Amazon, Amazon Pay, Ant Financial, Payoneer, PayPal, PingPong, Stripe, and Walmart shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to the Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Paul Varley, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Sega is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b.  the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendants' Seller Aliases and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective e-commerce stores.

7.    Sega is authorized to issue the expedited discovery requests authorized by Paragraph 6 via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

8.    Sega may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, the Summons, this Order, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Paul Varley and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9.    Schedule A to the Complaint [R. 2], Exhibit 3 to the Declaration of Paul Varley [R. 14], and this Order shall remain sealed until further ordered by this Court.

10. By 7/2/2024, at 6:00 p.m., Sega shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount has, in absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure, the Northern District of Illinois Local Rules, and Judge Valderrama's Standing Orders. Any third party impacted by this Order may move for appropriate relief.

12. Provided that Sega posts the security described in paragraph 10 by the date and time indicated in paragraph 10, this Temporary Restraining Order without notice shall become effective on 7/2/2024 at 6:00 p.m. and shall remain in effect for fourteen (14) days.

Date: 6/26/2024

_____

United States District Judge

Franklin U. Valderrama

**Sega Corporation and Sega of America, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A" – Case No. 24-cv-05162**

**Schedule A**

| No. | Seller Alias | Infringement Type | URL |
|---|---|---|---|
| 1 | Shenzhen Jinghang Technology Co., Ltd. | Copyright only | https://szjinghang.en.alibaba.com/minisiteentrance.html |
| 2 | Gent-le | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1UDKRF7NGIFS3 |
| 3 | A.ZHAOZHUANG01 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2I49JE8VKHLEU |
| 4 | ALPXEL LTD | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2DA61E52AHDMH |
| 5 | arpinz356 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2ZR9EBPT12IFB |
| 6 | banana1211 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3VLGE01T2WL3D |
| 7 | BaweiWBA | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3NHBDAI60UF8Q |
| 8 | beijingchangyueshundashangmaoyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AG5R8SEHGYNCY |
| 9 | bhskuydeo | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2FCSZDH1439UZ |
| 10 | BOYUE INC | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2JQKD44BR1W4C |
| 11 | BOZICRE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2NJPULQ6LL4TS |
| 12 | C JIA-US | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A56OXXZ18JP0Y |
| 13 | Cartoon household Store | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3C3Q8CR13PR40 |
| 14 | CBYchuil24042 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3F070C8FB34HY |
| 15 | damingxianzhemaoyiyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=APCTQ34YS3RZO |
| 16 | DINGPENG INC | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1TPQL6TMAUDRB |
| 17 | dingqianghe | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AIVEJG95Z0D0Y |
| 18 | Dotrewes | Copyright only | https://www.amazon.com/sp?seller=A2HMGR11A7HRD6 |

| 19 | EIKOU Shop | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A11GNHVAP5OKU9 |
|----|------------|----------------|------------------------------------------------------|
| 20 | engJianGuangMuShangM | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3AV50SW7OCXJS |
| 21 | FANG LIAN | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3DOL10RX8MHLT |
| 22 | FULANJUAN | Copyright only | https://www.amazon.com/sp?seller=AKFV01QDZI6MD |
| 23 | GaoJiaNi0706 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1JW27PJ4LUFNK |
| 24 | GERIYIWANG | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A26UK7JF9O5M2C |
| 25 | GuangZhouFengYangDianZiShangWuYouXianGongSi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=APSC5TG8TFIUO |
| 26 | guangzhoulianqianshangmaoyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AYERBOIALBLLB |
| 27 | Guanlian E-commerce | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2UQJSN9JOJWMA |
| 28 | GuanTiAodianzi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3TINF9ZD1DMAM |
| 29 | guchengxianruantishangmaoyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2ZOJQO5EPVU8T |
| 30 | GW Department Store | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2TYDWD50CCD1Q |
| 31 | HaosHanMao | Copyright only | https://www.amazon.com/sp?seller=AOZHAY3W1G085& |
| 32 | hchaobaihuo | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A21FLZZ8YTJAKS |
| 33 | hefeinianjuesidianzishangwuyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AFH2H42ECOZ6 |
| 34 | hefeizhouxinghaoshangmaoyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2A7DK6A9X2GS5 |
| 35 | HENGFAQIAN | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=ASVOYH8MGE2KM |
| 36 | HONRG | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=APEEZKX90F4N0 |
| 37 | HUJUNJIE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AVHCXL841K10Z |
| 38 | HUSEYIN UMUT GUNAYDIN | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AHTA0TIUZCRXL |

| 39 | iceicepick | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A89LHXXT1MC4 |
| 40 | jiangdianmiss | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AUJR79PI4OI4O |
| 41 | jiaoxcuioaiau | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A32JFK32J6C3M9 |
| 42 | jiayi-2 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1HZAEVLU5HXKE&isAmazonFulfilled=0 |
| 43 | JIEYEE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2XI5C4UA3U8SF |
| 44 | JINGWEEN | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A214BIAET6VWI0 |
| 45 | JINXISHANG | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2IR743AK4MEPX |
| 46 | kangjunshop | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2Q6DZY78FQTFU |
| 47 | KGLBOY | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1XBED90E27ELX |
| 48 | KUNKUA | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3326YXRU72E7H |
| 49 | kunminglinniwoshangmaoyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2EGMCE57ELU5C |
| 50 | Lebowski & Co. STORE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1186RF4MTMV19 |
| 51 | LHcang | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A251HVJU1DD43B |
| 52 | LinChaoyang | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AYOOEMPDRG0XW |
| 53 | LIU1HONGMEI | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3EZ9QC2HZ7OYV |
| 54 | liufurongdediandian | Copyright only | https://www.amazon.com/sp?seller=A2I7ZHJ7429GO8 |
| 55 | LIYUNBOO | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3A7YKXM7U3NMA |
| 56 | Lunovation | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A272JNFHFNTWWL |
| 57 | LWTLKEEA-US | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AZ1QJ971ED7P5 |
| 58 | malashangmao | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AEHHIAERJEKKP |
| 59 | Mandaqueen | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2CXV5NUUSEKCC |
| 60 | MENGLIANGUS | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A24DIZGVD0SQJI |

| 61 | MI Sell | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1D268D68AYZQA |
|---|---|---|---|
| 62 | MinShaoDianZidd | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1NKXJX2NS6K8Z |
| 63 | Molandra | Copyright only | https://www.amazon.com/sp?seller=AO0Q9QI5G0IXT |
| 64 | niangpushangmao | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3NP3LDLW8EAP3 |
| 65 | Nttlom | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A36EMO7D58VB84 |
| 66 | pingdingruiguangshangmaoyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3V7NW8WEFJ3Y2 |
| 67 | putianshichengxiangquyerenmaoyiyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1Y49E7NVX5S6J |
| 68 | QUANDANG | Copyright only | https://www.amazon.com/sp?seller=A3U3N1LAW1W6VF |
| 69 | Responding | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3DA40P07XYQJ8 |
| 70 | RonKon | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AHBT7ENNLL8R4 |
| 71 | Sannelchel | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A13AV7YF2RNQ2J |
| 72 | Saybz Decor Store | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A6R04XZ8SSCAM |
| 73 | SHI1YUANQING | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1J195943COWYU |
| 74 | shijianjingvt | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A31FHGMRMDHOBX |
| 75 | ShiKeDirect | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A161K76H2GWK2R |
| 76 | Slestping | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3F2GTCA9L72OD |
| 77 | SUBALACI | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A19X7J2SL9DFHH |
| 78 | sunfaye | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AC2IEMD6GR6CE |
| 79 | Super party | Copyright only | https://www.amazon.com/sp?seller=A3PZFFXMWUNXV8& |
| 80 | Terri Hinchey | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A27QSVEPGG9MR0 |
| 81 | Tiorga | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2NL8HO5UK06NV |
| 82 | UITSSA | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AY37ZDLWIQLDS |

| | UMIT CAN | | https://www.amazon.com/sp?ie=UTF8&seller |
|---|---|---|---|
| 83 | YALCIN | Copyright only | =A1AMO174VQ1QMG |
| 84 | USLEH | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A2GQLN2ZSL1KKK |
| 85 | utminhshop | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =AMZ6FU0D8A7CN |
| 86 | vfgsbuighvsihgjdf | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A34R22RIL821UF |
| 87 | VINDIJA US | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =AFW4I3Q78WEVY |
| 88 | WANG2JIANHAO | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A139DUVLOZ0W0U |
| 89 | WENWAN US | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A1C2K734MOPLLN |
| 90 | Wu J J | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A2ZO7KEOHYHEHE |
| 91 | wuhanyulangaokeji | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A1OPK1UY60FANT |
| 92 | XDJQJGSNC | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =AO2SZJAX1KVEW |
| 93 | xiangyangshilengyin gxishangmaoyouxia ngongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A8B89UNW9UYH8 |
| 94 | xiangyangshisongqi nghuishangmaoxing( gerenduzi ) | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A6N8EJRS5JOYN |
| 95 | XiaoNongMaoYi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A1RR526TQQIK54 |
| 96 | xintaishikuwanshang maoyouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A1VDTL7HPMZ5Y0 |
| 97 | XTNBX | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A3H5X141TJCXKG |
| 98 | Xuntuan | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =ASAU570NECNI6 |
| 99 | Yayiha | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =AW0K22EOVWB5Q |
| 100 | YERHFHSDSSS | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A2U24BK87XM18S |
| 101 | yiwushilouyimaoyiy ouxiangongsi | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =AON36HPD9ERXG |
| 102 | YueJi US | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A3C0J3OLWO4DUT |
| 103 | Zhang Xiang Shop | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =A10MOWMRT736R4 |
| 104 | ZHENFULAITIE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller =AZ7PV3OAR58D9 |

| 105 | ZHONGYINGXUE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2YG6LAF4O6E5E |
|---|---|---|---|
| 106 | ZHU1HONGHE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1B6F956I83RFH |
| 107 | zzshdz | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A1ICITPDIVS7P2 |
| 108 | 平定嘉文商贸有限公司 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A3IB2P3Q3PYUT |
| 109 | 洪洞县伟煜贸易店(个人独资) | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2F1V19O1J4Y7I |
| 110 | 王子轩 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AH8IM1WASMW0H |
| 111 | clockcanvas | Copyright only | https://clockcanvas.com/ |
| 112 | ezovoze | Copyright only | https://ezovoze.com/ |
| 113 | ezzystore | Copyright only | https://ezzystore.com/ |
| 114 | foxbackdrop | Copyright only | https://www.foxbackdrop.com/ |
| 115 | Inxiz Store | Copyright only | https://inxiz.com/ |
| 116 | TeeDucky | Copyright only | https://teeducky.com/ |
| 117 | trilogygift | Copyright only | https://www.trilogygift.com/ |
| 118 | uhoodie | Copyright only | https://uhoodie.com/ |
| 119 | Ahe E-commerce Co., Ltd | Copyright only | https://www.walmart.com/seller/101351361 |
| 120 | Bnostalgia Co.Ltd | Copyright only | https://www.walmart.com/seller/101247772 |
| 121 | ruhuashiyu | Copyright only | https://www.walmart.com/seller/101663117 |
| 122 | Siqiy | Copyright only | https://www.walmart.com/seller/101541823 |
| 123 | WEI XU | Copyright only | https://www.walmart.com/seller/101625028 |
| 124 | Quanzhou Economic And Technological Development Zone Tiyou Trading Co., Ltd. | Trademark and Copyright | https://qzdysm88.en.alibaba.com/minisiteentrance.html |
| 125 | babyhoome | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=AI8Q2MWOILT0Y |
| 126 | chenxinjieyishuhaibao | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A1FFA6FGU8XNV8 |
| 127 | dingyuhaimaoyi | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A2TBMD1LJF0F5B |
| 128 | ErikaReyna | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A7A55CV8Q2FYW |
| 129 | GANNLEA | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A4X7T5G8E8SVW |
| 130 | hefeifenggeshangmaoyouxiangongsi | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A105H02KP8H2AK |

| 131 | Huadong Shop | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=AXT94JGYEHQQP |
|---|---|---|---|
| 132 | JFKDSUSDH | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A2JOSGFNA870GA |
| 133 | Jnshengyao | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=AIV2JAA0R8BFA |
| 134 | LANJGJIAYAN | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=AC3QM0SU70JKA |
| 135 | lianpinshangmaoyou xiangongsi | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A38N0A5Q9DNBEE |
| 136 | make.anni | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A3L04EBQDFAXWI |
| 137 | Sylvia&Vicky Studio | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A1XQWM7OBR7YU2 |
| 138 | SYUJ | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A37F7631Q1O3VQ |
| 139 | tongshanxianzhitong bodianzishangwuyo uxiangongsi | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A2W6FY9P6SYMD7 |
| 140 | Vanezza Clothes Store | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A1J0NNA6AWK6KC |
| 141 | XU - CHAO | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A10HGO50K6FOXF |
| 142 | yongjitaiyiwangluok ejiyouxiangongsi | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A1V3NILZ7ABHUB |
| 143 | zhanghongqinyingze nan | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A12NRO6JI52RI6 |
| 144 | 长春市永晓威商贸有限公司 | Trademark and Copyright | https://www.amazon.com/sp?ie=UTF8&seller=A1X8I37P8P43LW |
| 145 | 59vibefashion | Trademark and Copyright | https://59vibefashion.com/ |
| 146 | aminibi | Trademark and Copyright | https://aminibi.com/ |
| 147 | Carneyforia | Trademark and Copyright | https://carneyforiastore.com |
| 148 | casecentro | Trademark and Copyright | https://casecentro.com/ |
| 149 | casemiya | Trademark and Copyright | https://casemiya.com/ |
| 150 | caserare | Trademark and Copyright | https://caserare.com/ |
| 151 | Dolerstore | Trademark and Copyright | https://www.dolerstore.com/ |
| 152 | Edson Marques | Trademark and Copyright | https://printblur.com |

| 153 | fantasypillow | Trademark and Copyright | https://fantasypillow.com/ |
|---|---|---|---|
| 154 | favomerch | Trademark and Copyright | https://favomerch.com/ |
| 155 | ilybag | Trademark and Copyright | https://www.ilybag.com/ |
| 156 | ipeepz | Trademark and Copyright | https://ipeepz.com/ |
| 157 | KAMANDAKA | Trademark and Copyright | https://kamandaka.com/ |
| 158 | merchprintz | Trademark and Copyright | https://merchprintz.com/ |
| 159 | MICESTATION | Trademark and Copyright | https://micestation.space/ |
| 160 | Oxvistore | Trademark and Copyright | https://oxvistore.com/ |
| 161 | PERSPIRATURE | Trademark and Copyright | https://perspirature.com/ |
| 162 | plushyspace | Trademark and Copyright | https://plushyspace.com/ |
| 163 | safespecial | Trademark and Copyright | https://safespecial.com/ |
| 164 | saloreea | Trademark and Copyright | https://saloreea.com/ |
| 165 | Storebunch | Trademark and Copyright | https://storebunch.co/ |
| 166 | Teeruto | Trademark and Copyright | https://teeruto.com |
| 167 | velturas | Trademark and Copyright | https://velturas.com/ |
| 168 | vintagebrassstore | Trademark and Copyright | https://vintagebrassstore.com/ |
| 169 | Younghoodie | Trademark and Copyright | https://younghoodie.com/ |
| 170 | BEAU HOME | Trademark and Copyright | https://www.walmart.com/seller/101238646 |
| 171 | Customgic | Trademark and Copyright | https://www.walmart.com/seller/101495789 |
| 172 | feirentiyu | Trademark and Copyright | https://www.walmart.com/seller/101654549 |
| 173 | GoodGoods | Trademark and Copyright | https://www.walmart.com/global/seller/101646967 |
| 174 | jinanyunwenxin | Trademark and Copyright | https://www.walmart.com/seller/101663120 |
| 175 | Jingyu Cases | Trademark and Copyright | https://www.walmart.com/seller/101234298 |

| 176 | putianshichengxiang quhengtuomaoyi | Trademark and Copyright | https://www.walmart.com/seller/101654480 |
|-----|-----|-----|-----|
| 177 | WuHanShiXiongAn Han | Trademark and Copyright | https://www.walmart.com/seller/101610957 |
| 178 | Raposurf | Trademark only | https://www.amazon.com/sp?ie=UTF8&seller =A3JAHK68ZAQYZL |