IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., <br><br> Plaintiff, <br><br> v. <br><br><br> CHANGSHA QINGYULAN HOMEWARE CO., LTD, et al., <br><br> Defendants. | Case No. 24-cv-09867 <br><br> **Judge Andrea R. Wood** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Warner Bros. Entertainment Inc. ("Plaintiff" or "WBEI") submits this Memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified on Schedule A attached hereto as Exhibit 1[1], (the "Defaulting Defendants") based on WBEI's action for trademark infringement and counterfeiting, and false designation of origin.

---

[1] "Defaulting Defendants" include all Defendants listed on Schedule A attached as Exhibit 1 that have not been noted as "DISMISSED." Schedule A is also attached to WBEI's proposed Final Judgment Order.

i

**STATEMENT OF FACTS**

WBEI is a subsidiary of Warners Bros. Discovery, Inc. ("WBD") and is headquartered in Burbank, California. [1] at ¶ 4. WBEI owns the trademark rights asserted herein, which relate to the famous Harry Potter franchise. *Id.*

Since the publication of *Harry Potter and the Sorcerer's Stone* in 1997 in the USA, the world has been captivated by the fictional, magical universe created by J.K. Rowling. *Id.* at ¶ 5. The Harry Potter universe was brought to the silver screen by WBEI, starting with the first *Harry Potter* film, also titled *Harry Potter and the Sorcerer's Stone*, in 2001 in the USA. *Id.* WBEI then produced seven more films tracking the entirety of J.K Rowling's *Harry Potter* book series. *Id.* WBEI has also produced a multitude of related entertainment products, services, and experiences under the HARRY POTTER and/or WIZARDING WORLD banner that constitute a franchise of enormous breadth and value. *Id.*

WBEI's *Harry Potter* films are among the most successful films of all time, with the worldwide release of the films grossing over seven billion dollars. *Id.* at ¶ 6 The success of the Harry Potter franchise has led to seven major Harry Potter-themed permanent attractions around the world, including the Wizarding World of Harry Potter-themed lands at Universal Studios parks in Orlando, Florida; Hollywood, California; Beijing, China; Osaka, Japan; and The Making of Harry Potter Warner Bros. Studio Tour in Hollywood, California, Leavesden, England and Tokyo, Japan. *Id.* In addition, WBEI and/or its licensees offer a large stable of Harry Potter-themed video games, including *Hogwarts Legacy*, which was the bestselling video game worldwide of 2023. *Id.*

WBEI and/or its licensees' markets and sells a variety of Harry Potter and Fantastic Beasts branded products, including bags, books, clothing, cosmetics, homeware, jewelry, toys, stationery, games, and other merchandise bearing WBEI's trademarks (collectively, "HP Products"). *Id.* at ¶

1

7. HP Products have become enormously popular and even gained iconic status, driven by Plaintiff's quality standards and innovative designs. *Id.* Among the purchasing public, HP brand and/or HP Products are instantly recognizable as such. *Id.* HP Products are distributed and sold to consumers by WBEI through authorized licensees and retail channels, including at various Harry Potter-themed parks and attractions, Harry Potter stores owned and/or controlled by WBEI and through WBEI's www.harrypottershop.com website. *Id.*

Many trademarks deriving from the Harry Potter universe are registered with the United States Patent and Trademark Office, and HP Products typically include at least one of WBEI's registered trademarks. *Id.* at ¶ 8. WBEI uses its trademarks in connection with the marketing and/or sale of HP Products, including the registered marks shown in the Complaint. *Id.* The HP Trademarks are world famous marks and valuable assets of WBEI. *Id.* at 11. Additional factual assertions regarding WBEI in Paragraphs 4-14 of the Complaint are incorporated herein. *Id.* at ¶¶ 4–14.

Defaulting Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to WBEI. *Id.* at ¶ 15; Exhibit 1. The Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and on information and belief, have sold and/or offered for sale products using infringing and counterfeit versions of WBEI's HP Trademarks (collectively, the "Unauthorized Products") to residents of Illinois. *Id.* at ¶ 20. Additional factual assertions regarding Defaulting Defendants in Paragraphs 15-29 of the Complaint are incorporated herein. *Id.* at ¶¶ 15–29.

WBEI filed its Complaint [1] on October 10, 2024. On December 10, 2024, this Court granted WBEI's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [27]. The TRO was extended [31] on December 20, 2024, and subsequently converted into a Preliminary Injunction [39] on January 7, 2025. Paragraph 8 of the TRO permitted WBEI to complete service of process to Defendants by electronically publishing a link to the Complaint, the TRO, summons, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Varley and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [27] at ¶ 8. The Defendants were served on December 31, 2024. [33]. The Defaulting Defendants have not filed an answer or otherwise pled in this action. *See* Declaration of Martin F. Trainor ("Trainor Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), WBEI moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on all counts of WBEI's Complaint. Fed. R. Civ. P. 55 (a) and (b)(2). WBEI seeks an award of statutory damages against each of the Defaulting Defendants as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting. WBEI also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Unauthorized Products, using WBEI's Trademarks without authorization, and an Order that all assets in Defaulting Defendants' financial accounts, as well as any newly discovered assets, be transferred to WBEI.

## I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each Defaulting

3

Defendant directly targets business activities toward consumers in Illinois and causes harm to WBEI's business within this Judicial District. *See* [1] at ¶¶ 2, 20, 28-29; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) ("without the benefit of an evidentiary hearing, the [plaintiff] bears only the burden of making a *prima facie* case for personal jurisdiction. [The Court] takes the plaintiff's asserted facts as true and resolve[s] any factual disputes in its favor.").

Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that offer shipping to the United States, including Illinois, and, on information and belief, have sold Unauthorized Products to residents of Illinois. [1] at ¶ 2. Personal jurisdiction exists over Defaulting Defendants because they structure their business activities to target consumers in the United States, including Illinois. Specifically, Defaulting Defendants are targeting and reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Unauthorized Products. *Id. See Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 906 (N.D. Ill. 2015).

## II.  WBEI HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On October 10, 2024, WBEI filed its Complaint alleging federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I) and false designation of origin, 15 U.S.C. § 1125(a) (Count II). [1]. The Defendants were properly served with the Complaint on December 31, 2024. [33]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Trainor Declaration at ¶ 2. Upon information and belief,

the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, WBEI asks for entry of default against the Defaulting Defendants.

### III. WBEI HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Federal Rule of Procedure 55(b)(2) provides for court-ordered default judgments. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

WBEI served Defaulting Defendants on December 31, 2024. [33]. The answer deadline has long passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and consistent with previous analogous cases before this Court. WBEI requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for selling counterfeits of the HP Trademarks on products sold through the e-commerce stores operating under the Seller Aliases.

WBEI also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Unauthorized Products, using the HP Trademarks without authorization, and an order that all assets in Defaulting Defendants' financial accounts, as well as any newly discovered assets, be transferred to WBEI.

### a. Trademark Infringement and Counterfeiting, and False Designation of Origin, Claims

To properly plead a claim of trademark infringement and counterfeiting pursuant to the

Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection; and (2) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.*, 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC*, 268 F.3d 494, 496–97 (7th Cir. 2001). It is well-settled that the standards for false designation of origin claims under Section 43(a) of the Lanham Act (15 U.S.C § 1125) are the same as for trademark infringement claims under Section 32 (15 U.S.C. § 1114). *See id.* at 684.

WBEI alleged that it is the owner of its federally registered trademarks and that Defaulting Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using infringing and counterfeit reproductions of the HP Trademarks, that Defaulting Defendants have knowledge of WBEI's rights in the HP Trademarks, that Defaulting Defendants are not authorized to use the HP Trademarks for any reason, and that Defaulting Defendants' use of the HP Trademarks causes a likelihood of confusion. [1] at ¶¶ 4, 32-33.

WBEI also alleged in its Complaint that Defaulting Defendants are using WBEI's federally registered trademarks in connection with the sale of Unauthorized Products. *Id.* at ¶¶ 38-40. As such, this creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with WBEI or the origin, sponsorship, or approval of Defaulting Defendants' Unauthorized Products by WBEI. *Id.*

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in WBEI's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, WBEI requests entry of judgment with respect to Counts I and II for

willful trademark infringement and counterfeiting of the HP Trademarks and false designation of origin.

### IV. WBEI IS ENTITLED TO STATUTORY DAMAGES

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Because Plaintiff lacks knowledge regarding the full scope of Defaulting Defendants' sales and profits, statutory damages are particularly appropriate for default cases like this. *Lorillard Tobacco Co. v. S & M Cent. Service Corp.*, 2004 WL 2534378 at *6 (N.D. Ill. 2004) (citing S. Rep. No. 177, 104th Cong. 1995). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 WL 1775512, at *3 (N.D. Ill. Apr. 17, 2008).

  a. **Statutory Damages are Warranted in this Case**

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damages provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 WL 2534378 at *4; *Luxottica USA LLC v. The P'ships*, 2015 WL 3818622 at *2 (N.D. Ill. 2015); *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999) ("Cases decided under the Copyright

7

Act, which deals with a similar problem and a similar legislative grant to discretion, afford guidance here").

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages "enjoys wide discretion." *Id.* In computing the award, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id.* Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.*, 2004 WL 2534378 at *6. Courts have also awarded significant damage amounts where a defendant's counterfeiting activities were conducted through Internet traffic or advertisement because online sales enable a defendant to reach a "vast customer base". *Luxottica USA LLC v. The Partnerships and Unincorporated Associations Identified On Schedule "A"*, 2015 WL 3818622, at *3 (quoting *Burberry Ltd. & Burberry USA v. Designers Imports, Inc.*, No. 07 CIV. 3997, 2010 WL 199906, at *10 (S.D.N.Y. Jan. 19, 2010) (collecting cases).

In similar cases involving willful Internet-based counterfeiting, courts have awarded statutory damages, including up to the maximum provided by law, to the plaintiff in order to: (1) deter the defendant and others situated like him from bringing counterfeit goods into commerce, (2) compensate the plaintiff for damages caused by defendant's infringement, and (3) punish the defendant appropriately for its counterfeiting activities. *See, e.g., Luke Combs v. The Partnerships, et al.*, No. 21-cv-02007 (N.D. Ill. June 15, 2021) (unpublished) (Dkt. Nos. 39 and 40) (awarding $100,000 in statutory damages per defendant); *Volkswagen Group of America v. CAR FAN, et al.*,

8

No. 22-cv-00863 (N.D. Ill. May 27, 2022) (awarding $500,000 in statutory damages per defaulting defendant) (Dkt. No. 56); *Advance Magazine Publishers Inc. v. Prettty Shopping Store, et al.*, 22-cv-00854 (N.D. Ill. May 24, 2022) (unpublished) (Dkt. No. 49) (same). Given the Court's discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), WBEI respectfully requests the Court's entry of an award of five hundred thousand dollars ($500,000) per Defaulting Defendant.

### i. A High Statutory Damages Award is Needed to Deter Defaulting Defendants' Willful Counterfeiting

Defaulting Defendants' counterfeiting was willful and therefore warrants the requested statutory damages award. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co.,* 2004 WL 2534378 at *7. Knowledge need not be proven directly but can be inferred from a defendant's conduct. *Id.* As alleged in WBEI's Complaint, Defaulting Defendants facilitated sales by designing e-commerce stores on various platforms so that they appeared to unknowing consumers to be authorized WBEI online retailers, outlet stores, or wholesalers. [1] at ¶ 21. As such, Defaulting Defendants clearly had knowledge their activities constituted infringement or at least demonstrated a reckless disregard for WBEI's rights in the HP Trademarks. *Id*. at ¶ 34; *see also* [14]. Courts in this district have also deemed counterfeiting willful when defendants default. *See Deckers Outdoor Corp. v. Does 1-55*, 2011 WL 4929036 at *5 (N.D. Ill., 2011); *Volkswagen Group of America v. CAR FAN, et al.*, No. 22-cv-00863 (N.D. Ill. May 27, 2022) (unpublished) (Dkt. No. 56); *Advance Magazine Publishers Inc. v. Prettty Shopping Store, et al.*, 22-cv-00854 (N.D. Ill. May 24, 22) (unpublished) (Dkt. No. 49).

Further, in determining an appropriate statutory damage award, this Court should look to

9

the *Lorillard* case and consider the "significant value of [the brand] and the efforts taken to protect, promote and enhance [that brand]." *Lorillard Tobacco Co.*, 2004 WL 2534378 at *6. WBEI has expended substantial time, money, and other resources advertising, promoting, and marketing HP Products. [14] at ¶ 11. Thus, the requested statutory damages award is reasonable in view of the value of the Harry Potter brand and the extensive steps being taken by WBEI to protect, promote and enhance it. *See Luxottica USA LLC v. The P'ships*, 2015 WL 3818622 at *2.

This Court should also consider that Defendants who operate online also attract wide market exposure through Internet traffic and/or advertisement. As such, Defaulting Defendants' wide market exposure over the Internet warrants the requested statutory damages award. *See Luke Combs v. The P'ships*, No. 21-cv-02007 (N.D. Ill. June 15, 2021) (unpublished) (Dkt. No. 39) ("After considering … the need to deter infringement that is easily committed and difficult to stop, the court concludes that $100,000 is an appropriate award").

## V. WBEI IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

In addition to the foregoing relief, WBEI also requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating WBEI's rights in the HP Trademarks, including at least all injunctive relief previously awarded by this Court to WBEI in the TRO and Preliminary Injunction. WBEI is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Unauthorized Products. *See Volkswagen Group of America. v. CAR FAN, et al.*, No. 22-cv-00863 (N.D. Ill. May 27, 2022) (unpublished) (Dkt. No. 56); *Advance Magazine Publishers Inc. v. Prettty Shopping Store, et al.*, 22-cv-00854 (N.D. Ill. May 24, 22) (unpublished) (Dkt. No. 49); *Monster Energy Co. v. Shenzhen Caseblanks Technology Co., Ltd., et al.,* No. 1:22-cv-0564 (N.D. Ill. Apr. 22, 2022) (unpublished) (Dkt. No. 50); *Monster Energy Co. v. Lin*, No.

1:16-cv-0622 (N.D. Ill. Mar. 14, 2016) (unpublished) (Dkt. No. 51).

To obtain injunctive relief pursuant to the Lanham Act, Plaintiff must demonstrate that: (1) it has suffered irreparably injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships warrants a remedy at equity in its favor; and (4) the public interest would not be disserved by a permanent injunction. *Amer. Taxi Dispatch v. Amer. Metro Taxi*, 582 F.Supp.2d 999, 1005 (N.D. Ill. 2018); *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006) ("it is not necessary for Plaintiff to prove actual damages or injury to obtain injunctive relief").

"[I]t is well-established in the Seventh Circuit that irreparable harm and inadequate remedy at law are presumed in trademark and trade dress infringement cases." *MetroPCS v. Devor*, 215 F.Supp.3d 626, 639 (N.D. Ill. 2016) (citing *Eli Lilly & Co. v. Natural Answers, Inc.* 233 F.3d 456, 469 (7th Cir. 2000). Notwithstanding this presumption, irreparable injury is often found in trademark infringement cases because "confused persons will mistakenly attribute to plaintiff defects or negative impressions they have of defendants' goods or services, then the plaintiff's reputation is at risk." *Venus Laboratories, Inc. v. Vlahakis*, 2015 WL 1058264, at *3 (N.D. Ill. 2015), citing 5 McCarthy on Trademarks and Unfair Competition, § 30:47.30 (4th ed.). "This threatened and actual loss of reputation and good will cannot adequately be compensated for in dollars and cents after the fact." *Id*. In this case, the extent of the harm to WBEI's reputation and the goodwill associated therewith, along with the possible diversion of customers due to loss in brand confidence, are irreparable and incalculable, thus warranting an immediate halt to Defaulting Defendants' infringing activities through injunctive relief.

The balancing of harms also warrants a permanent injunction and the public interest would not be disserved by the same. "There is no harm to the [Defaulting Defendants] to being enjoined

from violating the law, and the public interest is served by eliminating potential consumer confusion." *Light v. Zhangyali*, 2016 WL 4429758, at *4 (N.D. Ill. 2016). Defaulting Defendants also have no legitimate interest in offering for sale and/or selling Unauthorized Products. *See Coach, Inc. v. 3D Designers Inspirations*, 70 F.Supp.3d 942, 950 (C.D. Ill. 2014) ("While a permanent injunction may harm the [Defaulting Defendants'] profits … it never had a legal right to profit from such counterfeiting;" finding the balance of hardships weighed in favor of granting permanent injunction). Additionally, the public will benefit from the requested permanent injunction because the public interest is in favor of upholding trademark rights. *Miyano Mach. USA Inc.*, 576 F.Supp.2d 868, 889 (N.D. Ill. 2008) ("the public interest is generally served by the enforcement of trademark laws as such laws prevent confusion among and deception of consumers") (citation omitted); *Coach, Inc.* 70 F.Supp.3d at 950 (finding a permanent injunction will "not harm the public interest, but benefit the consuming public by eliminating deception as to the source and quality of products they buy from [Defaulting Defendants] and other potential [counterfeiters] deterred by this Order").

Each of the factors required for entry of a permanent injunction weigh heavily in WBEI's favor. As such, WBEI respectfully requests that this Court enter a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating WBEI's rights in the HP Trademarks, including at least all injunctive relief previously awarded by this Court to WBEI in the TRO and Preliminary Injunction.

## **CONCLUSION**

In view of the foregoing, WBEI respectfully requests that this Court enter default and default judgment against the Defaulting Defendants, award statutory damages in the amount of five hundred thousand dollars ($500,000) per Defaulting Defendant for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c), and enter a permanent injunction order prohibiting

Defaulting Defendants from infringing or otherwise violating WBEI's rights in the HP Trademarks, and transferring all assets in Defaulting Defendants' financial accounts to WBEI.

Dated this 14th day of March 2025.        Respectfully submitted,

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Warner Bros. Entertainment Inc.*

**CERTIFICATE OF SERICE**

     I hereby certify that on the 14th day of March 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system and I will electronically publish the documents on a website and send an email to the email addresses identified in Exhibit A to Plaintiff's Motion for Entry of Default and Default Judgment that includes a link to said website.

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alexander@tme-law.com

*Counsel for Plaintiff Warner Bros. Entertainment Inc.*